**STURM, RUGER CO., INC.**

v.

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY; PCS Health Systems, Inc.**

**Civ. No. 93–38–SD.**

United States District Court,
D. New Hampshire.

May 20, 1993.

Mark D. Wiseman, Concord, NH, for Sturm, Ruger & Co.

Warren C. Nighswander, Concord, NH, for Connecticut Gen. Life Ins. Co.

Ronald L. Snow, Concord, NH, for PCS Health Systems, Inc.

## ORDER

DEVINE, Senior District Judge.

At this juncture, the issues to be resolved focus on the recurring, indeed often troubling, question of the preemption of litigation by application of the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq*. The context is a motion filed by the plaintiff, Sturm, Ruger Co., Inc. (Sturm, Ruger), which seeks the relief of remand to the state court. Document no. 7. The defendant, Connecticut General Life Insurance Company (CGL), objects.[1]

### 1. Background

Sturm, Ruger entered into an agreement with CGL for the purpose of providing certain benefits to employees of Sturm, Ruger.[2] In relevant part, the agreement was designed to provide those employees with certain prescription drug benefits.

CGL contracted the processing of prescription drug claims to PCS. While the program was in effect,[3] a participating pharmacist allegedly submitted substantial false and fraudulent claims, the illegality of which was not detected by either CGL or PCS.

Claiming that such acts or omissions on the part of the respective defendants caused it to incur excessive, inappropriate, and fraudulent costs, Sturm, Ruger commenced this action in state court. The defendants removed to this court on the ground that the litigation was preempted by the applicable provisions of ERISA. Disputing the latter claim, plaintiff filed its motion to remand.

### 2. Discussion

Plaintiff argues that its right of recovery is grounded on the breach by the defendants of legal duties imposed on them by application of the state law doctrines of contract and tort. It follows, plaintiff urges, that such litigation may not be here removed under the theory of preemption.

With certain exceptions not here applicable, the relevant section of ERISA states that its provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

---

1. The codefendant, PCS Health Systems, Inc. (PCS), has filed a "response" to the plaintiff's motion. Document no. 9. Therein, it states that it takes no position on the motion and does not wish to be heard with respect thereto. *Id.*

2. The benefits included life insurance, as well as accidental death and dismemberment, medical expense, and dental expense benefits.

3. The prescription program was allegedly terminated on July 5, 1991. It appears, however, that the acts complained of in this case took place during the period that such program was viable.

The statute further defines an "employee benefit plan" to mean "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C. § 1002(3).

Finally, the term "employee welfare benefit plan" includes any plan which "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, [or] death...." 29 U.S.C. § 1002(1).

■ The plan here at issue is clearly an "employee benefit plan." A law "'relate[s] to'" such plan "for purposes of [29 U.S.C. § 1144(a)] 'if it has a connection with or reference to such a plan.'" *District of Columbia v. Greater Washington Bd. of Trade,* — U.S. —, —, 113 S.Ct. 580, 583, 121 L.Ed.2d 513 (1992) (quoting *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)) (additional citations omitted). Covered benefit plans which are not included within any statutory exceptions preempt "any state law that refers to or has a connection" with such plans "'even if the law is not specifically designed to affect such plans or the effect is only incidental.'" *Id.* (quoting *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990)).

There are, of course, "some state actions [which] may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates' to the plan." *Shaw, supra,* 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21. Included would be "relatively commonplace" or "run-of-the-mill state-law claims." *Mackey v. Lanier Collection Agency & Service,* 486 U.S. 825, 833, 108 S.Ct. 2182, 2187, 100 L.Ed.2d 836 (1988).

Sturm, Ruger seeks shelter in the latter category of cases. Reduced to their essence, however, the plaintiff's complaints are that CGL and PCS failed to properly administer a covered benefit plan as defined in ERISA. The court finds plaintiff's reliance on cases concerning actuaries, reinsurers, and others similarly situated to be distinguishable and, in any event, finds them nonpersuasive.

■ Plaintiff further argues that, if ERISA here preempts, it appears that it will be left without a legal remedy. The court is not presently in a position to determine the validity of such argument.[4] However, assuming arguendo that plaintiff may be correct in this regard, its position is not here strengthened. Congress may preempt state-law remedies without providing a corresponding remedy under federal law. *Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F.2d 270, 281 (2d Cir.1992); *Olson v. General Dynamics Corp.,* 960 F.2d 1418, 1423 (9th Cir.1991), *cert. denied,* 504 U.S. 986, 112 S.Ct. 2968, 119 L.Ed.2d 588 (1992).

In sum, the plaintiff's "primary concern is whether the plan was properly administered." *Consolidated Beef Indus. v. New York Life Ins. Co.,* 949 F.2d 960, 964 (8th Cir.1991), *cert. denied,* 503 U.S. 985, 112 S.Ct. 1670, 118 L.Ed.2d 390 (1992). The "central purpose of the lawsuit is to hold [the defendants] liable for actions [they] took in connection with [their] duties under the plan." *Corcoran v. United HealthCare, Inc.,* 965 F.2d 1321, 1334 (5th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992). Accordingly, this action is subject to preemption pursuant to 29 U.S.C. § 1144(a).

*3. Conclusion*

As this litigation relates to an ERISA plan, it was properly removed to this venue from the state court. The plaintiff's motion seeking remand must accordingly be and it is herewith denied.

SO ORDERED.

---

**4.** As of this stage of these proceedings, no party has raised a claim that plaintiff may not recover pursuant to the provisions of ERISA. According-

ly, it would be extremely premature for the court to attempt to decide an issue which is not before it.