**Joyce FISCHMAN, Individually and as Executrix of the Estate of Sidney Fischman**

v.

**BLUE CROSS & BLUE SHIELD OF CONNECTICUT.**

Civ. No. N–90–229 (PCD).

United States District Court, D. Connecticut.

Dec. 19, 1990.

Barbara L. Coughlan, Frank W. Murphy, Tierney, Zullo, Flaherty & Murphy, Norwalk, Conn., for plaintiff.

Charles L. Howard, Mark P. Anderson, Charles L. Howard, Cynthia K. Courtney, Shipman & Goodwin, Hartford, Conn., for defendant.

**RULING ON MOTION TO DISMISS**

DORSEY, District Judge.

Plaintiff, as executrix of the estate of her husband, seeks health care benefits allegedly due from defendant under an employee welfare benefit plan, as defined in the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(1)(A).[1] *See* Complaint, Count One. In addition, plaintiff, individually, seeks damages for defendant's alleged bad faith/negligence and intentional/negligent infliction of emotional distress. *See* Complaint, Counts Four and Seven. In both capacities, plaintiff alleges violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"), Conn.Gen.Stat. § 38–60 *et seq. See* Complaint, Count Five. Defendant moves to dismiss Counts Four, Five and Seven on the basis that these claims are preempted by ERISA.[2]

*Facts*

For the purposes of this motion, the following factual allegations are assumed. *See Miree v. DeKalb County*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977). In March, 1989, Sid Fischman Associates, Inc. ("Sid Fischman") was accepted for group membership with defendant. Plaintiff's husband ("decedent"), an employee of Sid Fischman, was covered by this insurance on and after April 1, 1989, for prescription drugs, hospital, physician, diagnostic, and home health care services which were medically necessary or appropriate for his proper diagnosis and treatment and/or that of his beneficiary, so long as the expenses did not arise out of the diagnosis and treatment of a "pre-existing condition." Decedent disclosed all pre-existing conditions known to him at the time of his application. Shortly thereafter, he was diagnosed with and treated for rectal carcinoma and died eight months later.

---

1. It is not disputed that the plan at issue is an "employee welfare benefit plan" and as such is governed by ERISA.

2. Defendant also moves to dismiss Counts Two, Three and Six for failure to state a claim. As plaintiff concedes these claims "relate to" an employee welfare benefit plan, and are not "saved" from preemption, defendant's motion to dismiss these counts is granted.

Decedent's treatment included a colonoscopy and later surgery in connection with which he was periodically confined to Norwalk Hospital from July 1989 to January 1990. Despite proper documentation of costs incurred, defendant refused to pay under the policy, stating that "services which are related to a pre-existing medical condition are not payable during the first 12 months of membership." Plaintiff appealed this decision through the process provided for in the policy and defendant has yet to respond.

*Discussion*

A. Standard of Review

A motion to dismiss under Rule 12(b)(6) must be decided solely on the facts alleged. *Goldman v. Belden*, 754 F.2d 1059, 1065–66 (2d Cir.1985). Such motion should be granted only where no set of facts consistent with the allegations could be proven which would entitle plaintiffs to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In considering the motion, the complaint is liberally construed and is viewed in the light most favorable to the plaintiffs. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The issue is not whether plaintiffs will prevail, but whether they should be afforded the opportunity to offer evidence to prove their claims. *Id.*

B. Counts Four and Seven—Connecticut Common Law Claims

■ Defendant seeks to dismiss plaintiff's claims for damages arising from defendant's alleged negligence/bad faith and infliction of emotional distress, because they are preempted by ERISA. ERISA is a comprehensive statute enacted to promote the interests of employees and their beneficiaries in employee benefit plans, *see Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983), and to "establish pension plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987). As such, § 514(a), which provides for preemption of all "state laws" that

"relate to" an employee benefit plan, *see* 29 U.S.C. § 1144(a), has often been interpreted, expansively, *see id.*, but not to the extent "that all laws having any impact on such plans, no matter how small or how tangential," would be preempted. *See Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 144 (2d Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989), citing *Shaw*, 463 U.S. at 98, 103 S.Ct. at 2900–01. A claim "relate[s] to" a plan in "the normal sense of the phrase" if it has a connection with or refers to such a plan. *See Shaw*, 463 U.S. at 97, 103 S.Ct. at 2900.

■ In an attempt to define "the distinction between state laws that 'relate to' employee benefit plans and those that have only a 'tenuous, remote, or peripheral' impact," the Second Circuit has articulated a general rule.

> Generalizing from these cases, we find that laws that have been ruled preempted are those that provide an alternative cause of action to employees to collect benefits protected by ERISA, refer specifically to ERISA plans and apply solely to them, or interfere with the calculation of benefits owed to an employee. Those that have not been preempted are laws of general application—often traditional exercises of state power or regulatory authority—whose effect on ERISA plans is incidental.

*Borges*, 869 F.2d at 146. This rule compels the conclusion that plaintiff's common law claims are preempted. Plaintiff's claims seeking damages from defendant are alternative causes of action to the collection of plan benefits. If recovery was allowed on common law claims, based on the impropriety of the decision to deny benefits and the unreasonableness of defendant's administration of its plan, plaintiff would have effectively "end-run" the statute, the aim of which was to establish uniform standards for administration of welfare benefit plans. *See e.g., id.* Insurance companies, such as defendant, are entitled to administer their plans according to the national scheme established through ERISA, free from any pronouncement, under state law, that the plan was administered improperly.

Any recovery of damages, apart from the plan's specified benefits would, in effect, be retribution for the manner in which defendant administered its plan and would interfere with the national scheme established by Congress. *See id.* (any law that has an effect on the primary administrative functions of plans, such as determining an employee's eligibility for a benefit, is preempted); *Stone v. Blue Cross & Blue Shield of Connecticut,* Ruling on Defendant's Motion to Dismiss for Failure to State a Claim, Civil No. N–88–147 (AHN) (Nov. 30, 1988) at 13–14, 1988 WL 146645. It would subject the plan administration to the aberrations of evaluation by courts of the propriety of that administration. Accordingly, Counts Four and Seven are dismissed.

### C. Count Five—CUIPA Claim

 Defendant also moves to dismiss plaintiff's claim that defendant violated CUIPA. In addition to the preemption clause, ERISA also contains a savings clause which provides:

> [e]xcept as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.

29 U.S.C. § 1144(b)(2)(A). In determining whether a law "regulates insurance," both common sense and case law interpreting the phrase "business of insurance" under the McCarran–Ferguson Act, 15 U.S.C. § 1011, et seq., must be considered. *See Stone* at 5, citing *Dedeaux,* 481 U.S. at 48, 107 S.Ct. at 1553. A law "regulates insurance" if it specifically regulates the industry rather than exerting only an indirect impact. *See Dedeaux,* 481 U.S. at 50, 107 S.Ct. at 1554. Cases which have interpreted the scope of the McCarran–Ferguson Act have identified three factors relevant to determining whether a particular practice falls within the Act's reference to the "business of insurance:"

> (1) whether the practice has the effect of transferring or spreading a policyholder's risk; (2) whether the practice is an integral part of the policy relationship between the insurer and the insured; (3) whether the practice is limited to entities within the insurance industry.

*See, e.g., Union Labor Life Ins. Co. v. Pireno,* 458 U.S. 119, 129, 102 S.Ct. 3002, 3009, 73 L.Ed.2d 647 (1982).

Claims under CUIPA are preempted by ERISA. *See e.g., Lazaroff v. Blue Cross & Blue Shield of Connecticut,* Ruling on Pending Motions, Civil No. B–88–519 (TFGD) 1989 WL 235958 (Jan. 11, 1989) at 5–6 (CUIPA does not regulate the business of insurance under the second McCarran–Ferguson criterion and more importantly, the remedies provided by CUIPA conflict with the civil remedies provided by ERISA); *Stone* at 16–17 (CUIPA provides an alternative remedy to ERISA's intended exclusive civil enforcement scheme in § 502 and is therefore preempted). Defendant's motion to dismiss plaintiff's CUIPA claim is, therefore, granted.

### Conclusion

Defendant's motion to dismiss Counts Four, Five and Seven for failure to state a claim is granted.

SO ORDERED.