SEAN R., by his Parents and
Next Friends, Mr. and
Mrs. DWIGHT R.

v.

BOARD OF EDUCATION OF the
TOWN OF WOODBRIDGE, et
al.

No. 3:92cv00032 (PCD).

United States District Court,
D. Connecticut.

July 31, 1992.

David C. Shaw, Trowbridge, Ide, Mansfield & Shaw, Hartford, Conn., for plaintiffs.

Edward P. Brady, III, Bai, Pollock & Dunnigan, Bridgeport, Conn., for defendant.

## RULING ON MOTION TO DISMISS

DORSEY, District Judge.

Plaintiffs, parents of a fourteen year old child with learning disabilities, allege that defendants, Board of Education of the Town of Woodbridge ("Woodbridge") and nine of its members, violated plaintiff's right to privacy secured by the due process clause of the fourteenth amendment, pursuant to 42 U.S.C. § 1983 (Count I); released confidential information without consent (Count II); and violated the Individuals with Disabilities Education Act ("IDEA"), codified at 20 U.S.C. § 1401, et seq., and in so doing violated 42 U.S.C. § 1983 (Count III).

Defendants move to dismiss Counts I and III, asserting that the complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Furthermore, defendants move to dismiss Count II for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

### Background

Sean R. is a fourteen year old child who attended Woodbridge's Beecher Road School until February 1989. Complaint ¶ 3. He was then removed by his parents and placed at the Learning Center in Meriden, a state approved school for the learning disabled. Complaint ¶ 3. This placement was subsequently found to be appropriate and plaintiff currently resides there. Complaint ¶ 3.

The parents requested an administrative review by Woodbridge to review of Sean's educational needs as the first step in the process established by the state to comply with federal law. Complaint ¶ 8. An administrative review of Sean's program was conducted, during which a motion was considered and recorded in official minutes which were distributed for public inspection. Complaint ¶ 9. As a result, confidential information about Sean and his family was widely distributed. Complaint ¶ 9. Following the administrative review, the parents requested a due process hearing pursuant to 34 C.F.R. § 300.506, et seq., to challenge the appropriateness of plaintiff's educational program from 1988–1990 and to obtain reimbursement for expenditures for language and educational evaluations as well as psychotherapy. Complaint ¶¶ 11, 12. The hearing officer found that the educational program had been inadequate and that the parents were entitled to the claimed reimbursement. Complaint ¶¶ 15, 16. Then the Woodbridge released plaintiffs' names to the New Haven Register, which published the names. Complaint ¶ 17. Plaintiffs also allege that the family name was identified without consent. Complaint ¶¶ 21, 22.

### Discussion

A motion to dismiss involves a determination as to whether plaintiff has stated a claim upon which relief can be granted. The standard is articulated more fully in *Fischman v. Blue Cross Blue Shield*, 755 F.Supp. 528 (D.Conn.1990). The complaint is construed liberally and dismissal will not be granted unless it "appears beyond a reasonable doubt that the plaintiffs can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

### 1. Section 1983 and the Fourteenth Amendment Claim

To state a claim under § 1983, plaintiffs must allege a violation of a right secured under federal law or the constitution.[1] Plaintiffs allege defendants violated their right to privacy secured by the due

---

1. Section 1983 states, in relevant part:
   Every person who, under color of any statute, ordinance (or) regulation ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

process clause of the fourteenth amendment. At issue is whether plaintiff suffered a deprivation of either "liberty" or "property" interests guaranteed under the fourteenth amendment to give rise to a federal interest. Although defamation or reputation alone is not sufficient to activate the due process clause, interests that are either altered or abolished by governmental disclosure are protected. *Paul v. Davis*, 424 U.S. 693, 710, 96 S.Ct. 1155, 1165, 47 L.Ed.2d 405 (1976). The right to privacy does include the individual's interest in disclosure of personal information as well as autonomy rights. *See Whalen v. Roe*, 429 U.S. 589, 599–601, 97 S.Ct. 869, 876–877, 51 L.Ed.2d 64 (1977); *Soucie v. County of Monroe*, 736 F.Supp. 33, 37 (W.D.N.Y.1990) (where statute prohibited disclosure, plaintiff found to have a reasonable expectation of privacy in information and thus a constitutional right against disclosure).

■ Whether the Constitution in fact protects against the type of disclosures alleged in this case "depends upon whether the plaintiff had a reasonable expectation of privacy in the information." *Soucie*, 736 F.Supp. at 36, quoting *Nixon v. Administrator of GSA*, 433 U.S. 425, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977). Here, plaintiffs had an expectation of privacy based on the IDEA and its procedural safeguards provided in 34 C.F.R. § 300.571 (prohibiting disclosure of any personally identifiable information), and 34 C.F.R. § 300.572 (specifically requiring school boards to protect the confidentiality of personally identifiable information at collection, storage, disclosure and destruction stages). Plaintiffs allege reliance on these safeguards, an allegation which gives rise to a liberty interest.

Plaintiffs are not alleging defamation, but an invasion of an expectation of privacy protected under the Constitution. Plaintiffs' allegations suffice to support a cause of action under the fourteenth amendment and § 1983 to redress those violations. Defendants' motion to dismiss Count I is denied.

2. *Section 1983 and the IDEA*

■ Plaintiffs assert in Count III entitlement to relief under § 1983 for violation of IDEA. Defendants move to dismiss, alleging that there is no private right of action under IDEA.

IDEA was enacted to protect the educational needs of handicapped children and to provide them with a "free appropriate education." *Quackenbush v. Johnson City School Dist.*, 716 F.2d 141, 145 (2d Cir.1983), *cert. denied*, 465 U.S. 1071, 104 S.Ct. 1426, 79 L.Ed.2d 750 (1984). IDEA protects the right to privacy pursuant to 20 U.S.C. § 1417(c) which states in pertinent part:

> [T]he Secretary shall take appropriate actions, in accordance with the provisions of Section 1232(g) of this title, to assure the protection of the confidentiality of any personally identifiable data, information, and records collected or maintained by the Secretary and by the State and local educational agencies pursuant to the provisions of this subchapter.

The compliance procedures set forth to enforce this provision are an "important and comprehensive means of achieving the goal of the statute." *Quackenbush*, 716 F.2d at 146. These safeguards include non-disclosure of names, 34 C.F.R. § 300.572(a), a requirement for consent, § 300.500(a)(c), and protection against disclosure of information in dispute resolution, § 300.-508(a)(5)(b). These safeguards were violated when plaintiffs' names were publicly disclosed. Interference with these rights constitutes a deprivation of the rights guaranteed under § 1983.

Although IDEA sets forth an administrative scheme to redress violations, the remedy sought by plaintiffs is not expressly provided for by the statute. If there is a violation of the conditions of the IDEA, Section 1232g(b) of the Family Educational Rights and Privacy Act only provides for the withholding of federal funds and does not provide for a private cause of action. Plaintiffs' names were already disclosed and thus the only available relief would have to be sought privately.

In determining whether a private right of action exists when the statute does not specifically provide such, the court must

consider: (1) whether the plaintiffs are of a class for whose benefit the statute was enacted; (2) if there is legislative intent to provide or deny the remedy; (3) whether the private remedy is consistent with the underlying purpose of the legislation; and (4) if the cause of action is traditionally relegated to the state law. *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087–2088, 45 L.Ed.2d 26 (1975). The language of IDEA does not indicate that a congressional intent to preclude a private cause of action.

> [I]t is unthinkable that Congress would have intended that a plaintiff [who was deprived of the procedural safeguards] ... should be left without remedy. Particularly in a statutory scheme such as the EHA where great emphasis is placed upon procedural safeguards, we must assume that Congress intended some kind of relief when, through school district policy or misconduct of school officials or both, a handicapped child is deprived of procedural safeguards guaranteed by § 1415.

*Quackenbush*, 716 F.2d at 147. The remedy plaintiffs seek would aid the primary congressional goal of protecting the educational needs of handicapped children, *see id.* at 145, while not be intruding into an area traditionally committed to state law. *See Cort*, 422 U.S. at 68, 95 S.Ct. at 2083.

Moreover, the "better solution is to allow § 1983 to supply the right of action to a plaintiff who has been denied procedural safeguards under § 1415 and who, as a result thereof, has not received the findings and decisions following the impartial due process hearing contemplated by § 1415." *Quackenbush*, 716 F.2d at 148. Deprivation occurring prior to a final administrative decision "is a 'lacuna' to be filled by § 1983." *Id.* As plaintiffs sufficiently allege a cause of action under 42 U.S.C. § 1983 for violation of the IDEA, defendants' motion to dismiss Count III is denied.

As defendants have suggested no argument for dismissal of plaintiffs' pendent state law claims, apart from the dismissal of the federal claims, defendants' motion to dismiss Count II is denied.

*Conclusion*

For the foregoing reasons, defendants' motion to dismiss (document # 17 is denied. As defendant Koenigsberg's motion to dismiss is based solely upon adoption of the remaining defendants' memorandum of law, defendant Koenigsberg's motion to dismiss (document # 26) is also denied.

SO ORDERED.