**Suzanne BAILEY–GATES,
Executor, et al.**

v.

**AETNA LIFE INSURANCE COMPANY.**

**No. 3:93CV01404(TFGD).**

United States District Court,
D. Connecticut.

Sept. 20, 1994.

Charles L. Howard, Kimberly A. Mango, Shipman & Goodwin, Hartford, CT, for defendant Aetna.

Jonathan F. Reik, McGann, Bartlett & Brown, Vernon, CT, for defendant Conn. National.

Bruce G. MacDermid, MacDermid & Reynolds, Hartford, CT, for plaintiff Bailey–Gates.

DALY, District Judge.

After careful review, absent objection and for good cause shown, Magistrate Judge Margolis' Recommended Ruling is hereby AFFIRMED, APPROVED and ADOPTED such that the plaintiffs' complaint is hereby Ordered dismissed. The Clerk of Court is directed to close the file in this matter.

## RECOMMENDED RULING ON PENDING MOTIONS

MARGOLIS, United States Magistrate Judge.

On or about June 16, 1993, Suzanne Bailey–Gates ["plaintiff"], executrix of her husband's estate, commenced an action in the Connecticut Superior Court against Aetna Life Insurance Company ["defendant"], alleging negligence (First Count), breach of contract (Second Count), violation of the Connecticut Unfair Trade Practices Act ["CUTPA"], Conn.Gen.Stat. §§ 42–110a *et seq.* (Third Count), violation of the Connecticut Unfair Insurance Practices Act ["CUIPA"], Conn.Gen.Stat. §§ 38a–815 *et seq.* (Fourth Count), and reckless indifference (Fifth Count); additionally, plaintiff individually seeks damages for loss of consortium (Sixth Count).[1] On July 15, 1993, defendant removed this action to federal court pursuant to 28 U.S.C. § 1441(b), claiming federal question jurisdiction (Dkt. # 1).[2]

---

1. A copy of plaintiff's original complaint was attached to defendant's Notice of Removal (Dkt. # 1).

2. On August 11, 1993, Shawmut National Corporation, f/k/a Connecticut National Bank, filed a motion to join as co-plaintiff and leave to file an intervening complaint in order to protect its

Two motions are presently pending before the Court. First, on August 17, 1993, defendant filed a motion to dismiss the complaint and memorandum in support, asserting that plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ["ERISA"], 29 U.S.C. § 1001 et seq. (Dkt. ## 10–11).[3] On September 23, 1993, plaintiff filed her brief in opposition (Dkt. # 18). Defendant filed a reply brief on October 20, 1993 (Dkt. # 22).

Second, on August 24, 1993, plaintiff filed a motion to remand and for costs, and brief in support (Dkt. ## 15–16).[4] On August 17, 1993, defendant filed its brief in opposition (Dkt. ## 12–13). On September 24, 1993, both motions were referred to this Magistrate Judge (Dkt. # 19).

For the reasons stated below, plaintiff's motion to remand is denied and defendant's motion to dismiss is granted.

## I. FACTUAL BACKGROUND

For the purposes of this motion, the truly tragic facts alleged in the complaint are assumed to be true. See Fischman v. Blue Cross & Blue Shield of Connecticut, 755 F.Supp. 528, 529 (D.Conn.1990). Defendant was the insurer of a medical insurance contract under which Peter Bailey–Gates was a beneficiary (Complaint ¶¶ 3–5). In May and again in June of 1991, he was admitted to The Institute of Living for treatment of mental and physical disorders, including depression, anxiety, and suicidal ideation (id. ¶ 6).

Judith Donovan was a Registered Nurse employed by defendant, who reviewed and determined Peter Bailey–Gates' eligibility for benefits under his insurance contract (id.

workers' compensation lien (Dkt. # 9), which motion was granted on September 29, 1993. See also Dkt. ## 21 & 23.

3. Attached to defendant's brief were copies of the following: plaintiff's complaint against The Institute of Living, filed in the Connecticut Superior Court (Exh. A); an unpublished ruling in Lazaroff v. Blue Cross & Blue Shield of Connecticut, Inc., Civ.No. B88–519, 1989 WL 235958 (TFGD) (D.Conn. Jan. 11, 1989) (Exh. B); and an unpublished ruling in Stone v. Blue Cross & Blue Shield of Connecticut, Civ. No. N88–147, 1988 WL 146645 (AHN) (D.Conn. Nov. 30, 1988) (Exh. C).

4. These filings were dated August 12, 1993.

¶¶ 7–8). Acting in her capacity as a managed care nurse for defendant, on or about June 18, 1991, Donovan directed the release of Mr. Bailey–Gates (id. ¶ 9). As a result, the Institute of Living discharged him on June 25, 1991 (id. ¶ 10). On July 4, 1991, Mr. Bailey–Gates committed suicide (id. ¶ 11).

## II. DISCUSSION

A motion to dismiss under Rule 12(b)(6) must be decided solely on the facts alleged. Goldman v. Belden, 754 F.2d 1059, 1065–66 (2d Cir.1985). A complaint should only be dismissed where no set of facts consistent with the allegations could be proven which would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In considering the motion, the complaint is liberally construed and is viewed in the light most favorable to plaintiff; the issue is not whether the plaintiff will prevail, but whether he should be entitled to offer evidence to support his claims. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

"ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). Section 514(a) provides: "Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a).[5] Subjecting such plans to federal

5. Section 514(b) contains a "savings clause" and a "deemer clause," both referred to in § 514(a), though not directly at issue in this case. The "savings clause" excludes from preemption any state law which regulates insurance, banking, or securities. 29 U.S.C. § 1144(b)(2)(A).

Section 1144(b)(2)(B), known as the "deemer clause," provides:

Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company or investment company or to be engaged in the business of insurance or banking for purposes of any law of any state purporting to regulate insurance

regulation "ensures that the administrative practices of a benefit plan will be governed by only a single set of regulations." *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1, 11, 107 S.Ct. 2211, 2217, 96 L.Ed.2d 1 (1987).

▆▆▆ The sole issue presented is whether plaintiff's claims "relate to" an employee benefit plan and are thus preempted by ERISA. In making this determination, "[t]he purpose of Congress is the ultimate touchstone." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 1552, 95 L.Ed.2d 39 (1987) (citations omitted). It is well established that Congress intended the preemptive reach of ERISA to be interpreted broadly. *See Pilot Life, supra*, 481 U.S. at 46, 107 S.Ct. at 1552; *see also Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 144 (2d Cir.), *cert. denied*, 493 U.S. 811, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw, supra*, 463 U.S. at 96–97, 103 S.Ct. at 2900 (footnote omitted).

▆▆▆ Despite this expansive scope, the Second Circuit has recognized that ERISA's preemption provision is not all-encompassing. Courts should use common sense when determining whether a state law claim relates to an employee benefit plan. *See Pilot Life, supra*, 481 U.S. at 47, 107 S.Ct. at 1552–1553. Laws that relate to ERISA in too tenuous, remote, or peripheral a manner are not preempted. *Aetna Life, supra*, 869 F.2d at 145 (*citing Shaw, supra*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21). "What triggers ERISA preemption is not just any indirect effect on administrative procedures but rather an effect on the primary administrative functions of benefit plans, such as determining an employee's eligibility for a benefit and the amount of that benefit." *Aetna Life, supra*, 869 F.2d at 146–47.

▆▆▆ The Second Circuit identified three types of laws that will generally be held preempted by ERISA: "those that provide an alternative cause of action to employees to collect benefits protected by ERISA, refer specifically to ERISA plans and apply solely to them, or interfere with the calculation of benefits owed to an employee." *Id.* at 146. On the other hand, laws of general application, which merely affect an ERISA plan incidentally, are generally not preempted. *Id.*

▆▆▆ Claims based on improper processing of claim benefits are preempted by ERISA. *Pilot Life, supra*, 481 U.S. at 48, 107 S.Ct. at 1553. Although plaintiff argues her claim is not preempted by ERISA because she does not seek plan benefits, and because defendant effectively undertook the role of a medical professional, ultimately her claim arises only because the plan exists. *See Bartucca v. Katy*, 668 F.Supp. 111, 114 (D.Conn.1987).[6] When faced with a similar question, the Ninth Circuit recognized that "[t]here would be no relationship or cause of action between [the parties] without the Plan." *Gibson v. Prudential Ins. Co. of America*, 915 F.2d 414, 417 (9th Cir.1990). Since plaintiff's claim arises because of the existence of the benefit plan, common sense dictates that it also "relates to" that plan.

The relation between plaintiff's cause of action and the ERISA plan is not tenuous or remote, and thus is not precluded from preemption. Although plaintiff artfully pleads common law causes of action, such claims do not change the fact that her claim is based on the contention that defendant improperly administered her husband's claim. *See Kuhl v. Lincoln National Health Plan of Kansas City, Inc.*, 999 F.2d 298, 303 (8th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 694, 126 L.Ed.2d 661 (1994). In *Kuhl*, the claim administrator refused to precertify payment for a recommended cardiac surgery because the operation was to occur outside the company's approved geographical area, as no area hospital had the equipment to perform such sophisticated surgery. The surgery was can-

companies, insurance contracts, banks, trust companies, or investment companies.

**6.** State law claims "generally 'relate to' a benefit plan when they arise out of some action taken in the execution or administration of the plan." *McNamee v. Bethlehem Steel Corp.*, 692 F.Supp. 1477, 1479 (E.D.N.Y.1988).

celled as a result. By the time payment was certified, the patient's condition had deteriorated substantially and he ultimately died. His family sued the insurance company, claiming he would have survived but for the delay in the surgery. The Eighth Circuit held that the insurance company's decision directly related to the administration of benefits, and their claim was thus preempted by ERISA. 999 F.2d at 302–03. In *Kuhl,* the fact that a recommended medical treatment was cancelled because the insurer would not precertify payment, did not transform the insurer into a medical professional directing the patients care. *Id.* at 303.

Plaintiff argues that defendant acted beyond its capacity as a plan administrator and actually directed the treatment of her husband (Complaint ¶ 13). Plaintiff relies on several cases for the proposition that her claims are not preempted, all of which are distinguishable from this case. Both *Elsesser v. Hospital of Philadelphia College,* 802 F.Supp. 1286, 1289–90 (E.D.Pa.1992) and *Independence HMO, Inc. v. Smith,* 733 F.Supp. 983, 987–88 (E.D.Pa.1990), held that state law causes of action alleging that insurers were vicariously liable for the actions of their physicians were not preempted.[7] However, in this case it is not alleged that the defendant held out physicians at The Institute of Living as their employees, nor is it alleged that Mr. Bailey–Gates looked to the defendant rather than his physicians for his health care. Similarly, *Eurine v. Wyatt Cafeterias, Inc.,* Civ. No. 3–91–408–H, 1991 WL 207468, 1991 U.S. Dist. LEXIS 13956 (N.D.Tex. Aug. 21, 1991), is not dispositive, as it involved a state law negligence claim which arose out of an employee-employer relationship despite the existence of an ERISA plan.[8]

Finally, plaintiff argues that *Altieri v. Cigna Dental Health, Inc.,* 753 F.Supp. 61 (D.Conn.1990) supports her contention that ERISA does not preempt her claims. Again,

the court does not agree. *Altieri* held that plaintiff's claims against health care professionals were not preempted, but claims against the administrator are preempted. *Id.* at 64. However plaintiff wishes to characterize defendant's actions, ultimately she seeks damages which arise out of the impropriety of defendant's decision to deny benefits. These types of claims must be preempted. *Fischman, supra,* 755 F.Supp. at 530–31. "Any recovery of damages, apart from the plan's specified benefits would, in effect, be retribution for the manner in which defendant administered its plan and would interfere with the national scheme established by Congress." *Id.* at 531.

The Ninth Circuit was recently faced with an analogous situation in *Spain v. Aetna Life Ins. Co.,* 11 F.3d 129 (9th Cir.1993) *(per curiam), cert. denied,* —— U.S. ——, 114 S.Ct. 1612, 128 L.Ed.2d 340 (1994). There Steven Spain was diagnosed with testicular cancer and his recommended treatment was a three-part procedure, which allegedly had to be performed during a narrow time frame in order to be successful. Aetna approved the treatment, but then withdrew its authorization for the third part, which was subsequently cancelled. The procedure was finally authorized, but not within the appropriate "window of time." Despite the fact that plaintiffs sued the Aetna plan administrator for wrongful death and did not seek plan benefits, their claim was held to be "related to" the administration and disbursement of ERISA plan benefits, and thus preempted. *Id.* at 131–32. *See also, Corcoran v. United Healthcare, Inc.,* 965 F.2d 1321, 1329–34 (5th Cir.1992) (plaintiffs' wrongful death action preempted by ERISA when defendant-insurer refused over obstetrician's recommendation, to precertify expectant mother's hospitalization for high-risk pregnancy, resulting in death of nearly full-term fetus), *cert. de-*

---

**7.** The insurers were held to be "ostensible agents," which arises in two situations: (1) when the patient looks to the institution, rather than the individual physician for care; and (2) when the HMO holds out individual physicians as its employees. *Boyd v. Albert Einstein Medical Center,* 377 Pa.Super. 609, 547 A.2d 1229, 1233–34 (Pa.Super.Ct.1988).

**8.** After careful examination of *Carl Colteryahn Dairy, Inc. v. Western Pennsylvania Teamsters & Employers Pension Fund,* 785 F.Supp. 536 (W.D.Pa.1992), *Anoka Orthopaedic Associates, P.A. v. Mutschler,* 773 F.Supp. 158 (D.Minn. 1991), and *DiPietro–Kay Corp. v. Interactive Benefits Corp.,* 825 F.Supp. 459 (D.Conn.1993), this court also finds these cases inapposite.

*nied,* —— U.S. ——, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992).

■ Applying all of these principles to the facts of this case, this court concludes that ERISA preempts all of plaintiff's claims, including loss of consortium, CUTPA, and CUIPA, since they all share "one central feature: the circumstances of [the plaintiff's] medical treatment under his employer's [benefits] plan...." *Altieri, supra,* 753 F.Supp. at 64 (citation omitted). Further, it is well-established in this district that ERISA's savings clause does not except the CUTPA and CUIPA claims from preemption. *Lazaroff v. Blue Cross & Blue Shield,* Civ. No. H88–519 (TFGD), 1989 WL 235958, slip op. at *2–3 (D.Conn. Jan. 11, 1989); *See also Stone v. Blue Cross & Blue Shield of Connecticut,* Civ. No. N88–147 (AHN), 1988 WL 146645, slip op. at *5 (D.Conn. Nov. 30, 1988); *Fischman, supra,* 755 F.Supp. at 531.[9]

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (Dkt. # 10) is *granted.* Accordingly, plaintiff's motion for remand (Dkt. #15) is *denied.*

*See* 28 U.S.C. § 636(b) **(written objections to ruling must be filed within ten days after service of same);** F.R.Civ.P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut; *Small v. Secretary, H & HS,* 892 F.2d 15, 16 (2nd Cir.1989) **(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to the Second Circuit).**

Dated at New Haven, Connecticut, this 10th day of August, 1994.

---

**9.** As plaintiff does not argue that the CUTPA and CUIPA claims are saved by § 514(b), no further discussion is necessary here.