HOLLINGSWORTH PAVING, INC., AS PLAN ADMINISTRATOR OF THE HOLLINGSWORTH PAVING, INC., 401(k) PLAN, and Jimmy C. Hollingsworth, as Trustee of the Hollingsworth Paving, Inc., 401(k) Plan, Plaintiff,

v.

JEFFERSON–PILOT LIFE INSURANCE COMPANY, Defendant.

No. 95–2574.

United States District Court,
W.D. Tennessee,
Western Division.

June 20, 1996.

Blachard E. Tual, Tual, Garrison & Tual, Memphis, TN, for Plaintiff.

Heather Webb, Richard H. Allen, Jr., Allen Scruggs, Sossaman & Thompson, Memphis, TN, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

McCALLA, District Judge.

Before the Court is defendant Jefferson–Pilot Life Insurance Company's Motion To Dismiss for Failure To State a Claim, filed November 14, 1995. On January 26, 1996, the Court held a motion hearing in this matter, and directed plaintiffs to submit within ten days a supplemental response brief focusing on defendant's assertion that the case is a contract law issue and therefore, improperly raised under the Employee Retirement Income Security Act of 1974 (ERISA), 88 Stat. 829, as amended, 29 U.S.C. § 1001 et seq. On February 5, 1996, plaintiffs submit-

ted Plaintiffs' Supplemental Memorandum Opposing Defendant's Motion To Dismiss, addressing only the preemption issue.[1] On February 12, 1996, defendant filed Defendant's Response To Plaintiffs' Supplemental Memorandum Opposing Defendant's Motion To Dismiss, in which it addressed only the preemption issue. For the reasons stated below, the Court GRANTS defendant's Motion to Dismiss.

Plaintiffs Hollingsworth Paving, Inc., as Plan Administrator of Hollingsworth Paving, Inc.'s 401(k) Plan (the Plan), and Jimmy C. Hollingsworth, as Trustee of the Plan, bring this action under ERISA § 409, 29 U.S.C. § 1109, for breach of fiduciary duty. Plaintiffs allege that defendant Jefferson–Pilot breached its fiduciary duty to plaintiff by soliciting waivers of certain employees' rights to participate in the Plan. Specifically, plaintiffs assert that Thomas Talbot, a salesman for Jefferson Pilot Life Insurance Company, approached plaintiff to purchase the Jefferson Pilot Life Insurance Company *prototype 401(k) Plan,* representing to plaintiffs that all administrative services would be provided by defendant. Defendant then solicited waivers from plaintiffs' employees, thereby rendering the prototype 401(k) Plan inapplicable to plaintiffs. As a result, the nature of the Plan was altered from a Standardized Prototype Agreement to a Non–Standardized Agreement.

The solicitation of the majority of waivers occurred in March 1994, before the effective date of the Plan, agreed by contract between the parties to be April 1, 1994. At least one waiver was solicited on May 14, 1994. The Summary Plan Description and the Prototype Plan contain no reference to any irrevocable waiver rights under the Plan.

The effect of the waivers was to: (1) permanently bar the signing employees from registering under the Plan; (2) increase the maximum contribution required for highly compensated employees; (3) increase Talbot's commission; and (4) alter the Plan from a Standardized Prototype Agreement to a Non–Standardized Agreement. Only a Non–Standardized Agreement must be submitted to the Internal Revenue Service (IRS) for a favorable determination before taking effect. Thus, the alteration in the Plan required plaintiffs to complete and send a qualification package to the IRS.[2] The waivers also made necessary the recalculation of the maximum contributions of participating employees.[3]

Defendant makes two interrelated arguments to support its motion. First, defendant argues that, in soliciting waivers, it was performing an entirely ministerial non-discretionary function and as such, plaintiffs cannot succeed under ERISA. Second, defendant argues that plaintiffs' allegations raise a *purely* contractual issue (whether plaintiffs received the plan for which they contracted), and as such, plaintiffs' claims are not subject to preemption under ERISA.

■ The Court first considers the preemption issue, as its resolution determines whether this case is properly brought under ERISA. ERISA is a comprehensive reform statute, "designed to promote the interests of

---

1. On February 6, 1996, defendant filed Supplemental Memorandum in Support of Defendant's Motion To Dismiss For Failure To State a Claim. This Memorandum responds to plaintiffs' assertion that Jefferson–Pilot Life Insurance Company is a fiduciary under ERISA. It does not address the preemption issue.

2. To be effective, a Non–Standardized Agreement requires a favorable determination from the IRS. To achieve a favorable determination, plaintiffs were required to submit a qualification package to the IRS. As detailed in a letter to plaintiff Jim Hollingsworth, from Donna Greeson, Plan Qualification Analyst for defendant, the package requires: (1) a cover letter to the IRS; (2) form 5307 (application for determination); (3) form 2848 (declaration of representative); (4) form 8717 (user fee for employer plan determination letter request), requiring a check for $125.00 payable to the IRS; (5) copy of executed Adoption Agreement and Opinion Letter and copy of executed Amendment One and Opinion Letter; (6) attachment to application filed under Rev. Proc. 93–39; and (7) demonstration 2 Section 401(a)(26) worksheet. In addition, plaintiffs' were required to post a Notice to Interested Parties, 7 to 21 days prior to mailing the qualification package to the IRS. (Plaintiffs' Supplemental Memorandum Opposing Defendant's Motion to Dismiss, Ex. B.)

3. Any subsequent decision that these waivers are invalid would force plaintiffs to again recalculate the maximum contributions owed by its employees.

employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). Congress intended that ERISA be the "exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits." *Pilot Life Insurance Company v. Dedeaux,* 481 U.S. 41, 52, 107 S.Ct. 1549, 1555, 95 L.Ed.2d 39 (1987). Congress provided for wide preemption of state law under ERISA "because of the interstate character of employee benefit plans" and the need "to provide for a uniform source of law in the areas of vesting, funding, insurance and portability standards, for evaluating fiduciary conduct, and for creating a single reporting and disclosure system...." S.Rep. No. 93–127, 93rd Cong., 2d Sess., *reprinted in* 1974 U.S.C.C.A.N. 4838, 4871. Preemption of state law under ERISA is guided by the statute's structure and purpose. *Shaw,* 463 U.S. at 95, 103 S.Ct. at 2898–99 (quoting *Fidelity Federal Savings & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 152–53, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982)); *Morningstar v. Meijer,* 662 F.Supp. 555 (E.D.Mich.1987).

ERISA's preemption clause provides that ERISA will "supersede any and all State laws" to the extent that those laws "relate to" any employee benefit plan that is subject to ERISA. ERISA § 514(a), 29 U.S.C. § 1144(a). State law, as used in ERISA, refers to "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1).

The United States Supreme Court has consistently recognized that ERISA's preemption clause is "conspicuous for its breadth." *FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990) (holding that ERISA preempted application of Pennsylvania Motor Vehicle Financial Responsibility Law to employer's self-funded health care plan, in suit by employer seeking subrogation for amounts it had paid for medical expenses.) "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw,* 463 U.S. at 96–97, 103 S.Ct. at 2900 (holding that ERISA

preempted New York's Human Rights Law and Disability Law, prohibiting employers from discriminating on the basis of pregnancy and requiring special benefits, in suit by employer seeking declaratory judgement). "The preemption clause is not limited to state laws specifically designed to affect employee benefit plans." *Pilot Life,* 481 U.S. at 47–48, 107 S.Ct. at 1553 (finding, in a suit against insurer of employer's group insurance policy, common law tort causes of action were preempted when the claims were based upon the wrongful denial of benefits under an employee benefit plan.) *See Ingersoll–Rand v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) (holding a wrongful discharge claim by a former employee preempted where plaintiff alleged that employer terminated employment for the sole purpose of avoiding pension benefit contributions); *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (finding a breach of contract claim by an employee against employer and plan to be preempted on the grounds that it is a suit by a beneficiary to recover benefits from a covered plan).

Similarly, the United States Court of Appeals for the Sixth Circuit has "repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Tassinare v. American National Insurance Co.,* 32 F.3d 220, 224 (6th Cir.1994) (finding breach of contract and intentional infliction of emotional distress claims brought by current and former employees against corporate director, based on directors' failure to secure pension benefits, to constitute state laws preempted by ERISA). If the "essence [of] such a [state law] claim is for the recovery of an ERISA plan benefit," then it affects the plan and the claim is preempted. *Cromwell v. Equicor–Equitable HCA Corp.,* 944 F.2d 1272, 1276 (6th Cir.1991) (holding that health care provider's state law claims against administrator to recover benefits from plan for health care services preempted by ERISA). *See also, In re General Motors Corp.,* 3 F.3d 980, 985 (6th Cir.1993) (finding that employees' claims for breach of contract, invasion of privacy, and misrepresentation, based on employer's failure to keep utilization of employee assistance

program for drug and alcohol abuse treatment confidential, were preempted by ERISA where program was a benefit provided to employees and funded by employer); *Perry v. P\*I\*E Nationwide, Inc.*, 872 F.2d 157 (6th Cir.1989), *cert. denied* 493 U.S. 1093, 110 S.Ct. 1166, 107 L.Ed.2d 1068 (1990) (finding that employee's claims for breach of fiduciary duty and lack of consideration for pay cut taken to participate in benefit plan were preempted by ERISA).[4] Courts also generally find preemption where the relationship to ERISA is indirect, but the underlying state claim is linked to benefits under the plan.[5]

■ Despite the unusual breadth of ERISA's preemptive force, not all state law claims are preempted. Specifically, "some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' [an ERISA] plan." *Shaw,* 463 U.S. at 100, n. 21, 103 S.Ct. at 2901, n. 21. Considerations relevant to making this determination are the following: (1) whether the state law represents a traditional exercise of state authority; (2) whether the parties involved are principal ERISA parties such as the employer, the plan, the plan fiduciaries, and the beneficiaries, or, in contrast, whether the parties are outside parties; and (3) whether the state law's effect on an ERISA

plan is incidental. *Firestone Tire & Rubber Co. v. Neusser,* 810 F.2d 550, 555–56 (6th Cir.1987) (finding a general income tax ordinance to be not preempted by ERISA). In addition, any analysis of preemption under ERISA requires a close examination of the factual basis of the seminal cases in the area.

A variety of laws have withstood preemption challenges because courts have found their connection to ERISA plans too remote. In *Perry,* the Sixth Circuit found that while the employees' claims for breach of fiduciary duty and lack of consideration for pay cut taken to participate in benefit plan were preempted by ERISA, the employees' claims relating to fraud, misrepresentation, coercion, and promissory estoppel based on *obtaining their agreement* to participate in the benefit plan were not preempted. *Perry,* 872 F.2d at 161–62. The *Perry* court relied on *Provience v. Valley Clerks Trust Fund,* 509 F.Supp. 388, 391 (E.D.Cal.1981) for the proposition that "[W]here the state law has only an indirect effect on the plan and where it is one of general application which pertains to an area of important state concern, the court should find there has been no preemption." *Id.* at 391. In *Perry,* the claims subject to preemption involved a breach of fiduciary duty (for which ERISA provides a specific remedy under 29 U.S.C. §§ 1104, 1132(a)), and a claim which the court described as

**4.** *See infra* p. 1100–1101, discussing *Perry*. In *Perry*, the court found that other state claims were not preempted because those claims were too indirectly related to ERISA. *Perry*, 872 F.2d at 161–62.

**5.** For instance, claims seeking damages arising out of the improper denial of benefits are generally preempted: "Any recovery of damages, apart from the plan's specified benefits would, in effect, be retribution for the manner in which defendant administered its plan and would interfere with the national scheme established by Congress [were it not preempted]." *Fischman v. Blue Cross & Blue Shield of Connecticut,* 755 F.Supp. 528, 530–531 (D.Conn.1990). Similarly, courts have found that wrongful death or other medical negligence cases arising from a plan administrator's denial of coverage are preempted under ERISA. *See e.g., Spain v. Aetna Life Ins. Co.,* 11 F.3d 129 (9th Cir.1993) (per curiam), *cert. denied,* — U.S. —, 114 S.Ct. 1612, 128 L.Ed.2d 340 (1994). ERISA also preempts state law regarding the designation of beneficiaries. *Metropolitan Life Ins. v. Pressley,* 82 F.3d 126

(6th Cir.1996) (finding that ERISA life insurance plan document naming the decedent's ex-wife as beneficiary controlled and preempted the state divorce decree waiver of rights). *See also, Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073 (7th Cir.1992) (finding that suit by an employee against an employer "based on the difference between the pension promised by contract and the pension established by the plan 'relates to' the pension plan" and is therefore preempted); *Lee v. E.I. DuPont de Nemours and Co.,* 894 F.2d 755 (5th Cir.1990) (finding employee suit preempted by ERISA where plaintiffs alleged that they had detrimentally relied upon their employer's representations regarding its pension plan); *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290 (5th Cir.1989) (finding that ERISA preempts a state law claim even if the plaintiff is seeking damages from the company, not the plan, for the company's breach of an oral contract where company's alleged representations regarding pension benefits caused plaintiff to adopt a particular course of action which was not covered by the plan).

going to "the substance of the [employee stock investment plan] undertaking." *Id.* at 161. By contrast, the claims not subject to preemption involved the initial *agreement* by the employees to participate in the employee stock investment plan; specifically, whether the employer used fraud, coercion or misrepresentation to get its employees to agree to participation in the plan.

Other courts similarly find preemption inappropriate where the state law claims are only distantly related to the functioning of ERISA. *See Miller v. Lay Trucking Co.*, 606 F.Supp. 1326 (N.D.Ind.1985) (holding that plaintiff's common law action for fraudulent inducement was not preempted by ERISA because the fraud occurred prior to the time plaintiff entered the plan and because the fraud claim did not directly affect the regulation of the ERISA plan); *Aetna Life Ins. Co. v. Borges*, 869 F.2d 142, 147–49 (2d Cir.1989), *cert. denied*, 493 U.S. 811, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989) (finding Connecticut's escheat law too remote to require preemption and stating, "laws that have been preempted are those that provide an alternative cause of action to employees to collect benefits protected by ERISA, refer specifically to ERISA plans, and apply solely to them or interfere with the calculation of benefits owed to an employee. Those that have not been preempted are laws of general application—often traditional exercises of state

power or regulatory authority—whose effect on ERISA plans is incidental"); *Thiokol Corp. v. Roberts*, 858 F.Supp. 674 (W.D.Mich. 1994) (holding, in suit by company against the State of Michigan, that Michigan's Single Business Tax was a neutral law of general application; although the tax was calculated by reference to plan contributions, it was imposed on all businesses without regard to status as an ERISA plan sponsor, and thus had only an incidental effect on ERISA plans).

The majority of ERISA preemption cases, and all cases raised by plaintiff in Plaintiffs' Supplemental Memorandum Opposing Defendant's Motion to Dismiss,[6] involve some aspect of the distribution, processing or entitlement of benefits or administration of claims or funds under a plan. Further, the majority of these cases are raised by employees or former employees, who challenge some aspect of their status as beneficiaries under a plan.

Plaintiffs argue that the court's finding in *Consolidated Beef Industries v. New York Life Insurance Co.*, 949 F.2d 960 (8th Cir. 1991) supports their position that preemption is appropriate. In *Consolidated Beef*, defendant, New York Life Insurance Co., solicited plaintiff, Consolidated Beef Industries, to provide a 401(k) plan for its employees. The defendant's agent agreed to provide documents for the 401(k) plan, to obtain IRS

---

**6.** The cases cited by plaintiffs in their Supplemental Memorandum (submitted in response to the Court's request for supplemental argument on the contract law issue) are the following: *Bartholet* 953 F.2d 1073, *supra* p. 1099; *Dependahl v. Falstaff Brewing Co.*, 653 F.2d 1208 (8th Cir.1981), *cert. denied* 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981) (finding, in suit brought by former corporate executives who were named beneficiaries of a plan against new shareholders, alleging fraud and tortious interference with contractual relationships resulting from severance and interference with benefits under the plan, that state claims were preempted under ERISA); *Sturm, Ruger Co., Inc., v. Connecticut General Life Ins. Co.*, 892 F.Supp. 33 (D.N.H.1993) (finding, in suit brought by employer for damages against insurer for not properly administering covered employee benefit plan by failing to detect a fraudulent pharmaceutical submission, that claims based on state law doctrines are preempted); *Van Camp v. AT & T Information Systems*, 963 F.2d 119 (6th Cir.1992) (finding, in case where employee claimed he was

forced to accept early retirement and raised age and sex discrimination claims, the state law claims were preempted because, despite the significant role of state laws in protecting citizens from age and sex discrimination, any determination in favor of the employee would affect an existing benefit plan and the relationship between the employee and the employer); *Bailey–Gates v. Aetna Life Insurance Co.*, 890 F.Supp. 73 (D.Conn.1994) (finding that ERISA preempts state claims including negligence, breach of contract, reckless indifference, in suit brought by surviving spouse of beneficiary of medical insurance contract, seeking coverage under ERISA plan); *Consolidated Beef Industries v. New York Life Insurance Co.*, 949 F.2d 960, 963–64 (8th Cir.1991) (finding that state law claims of misrepresentation, breach of contract and implied warrants and fraudulent representation, based on inaccurate billings, incorrect interest rates, lack of accurate annual statements to plan participants, and misrepresentation in sale of program "related to" employee benefit plan, were preempted under ERISA).

approval, and to solicit employee participation in the plan. The plaintiff named itself plan administrator. Difficulties in administration developed shortly thereafter, including incorrect interest rates and crediting calculations, inaccurate billing and lack of information, and delay in obtaining IRS approval. Defendant accepted responsibility for the improper crediting of interest rates, but denied responsibility for all other problems, and plaintiffs subsequently discontinued defendant's annuities and policies, and brought a claim for breach of contract, breach of implied warranties of fitness and merchantability, statutory and common law misrepresentation, and breach of fiduciary duty under ERISA. On appeal, the plaintiff argued that its state law claims arose out of defendant's pre-plan actions and thus, were not preempted. However, the Eighth Circuit found that the nature of Consolidated Beef Industries' claims arose directly from the administration of the plan and therefore, were properly subject to preemption.

Consolidated Beef is distinguishable from the present case. Plaintiff Hollingsworth Pavings' principal claim does not turn on the administration of the Plan (i.e. billing, charges, rates, and benefits distribution), as did the plaintiff's claims in Consolidated Beef. Rather, Hollingsworth Paving's principal claim involves pre-plan acts that did not simply alter aspects of the Plan's functioning, but rather altered the nature of the Plan itself. Hollingsworth Paving alleges that defendants' solicitations of waivers before the Plan went into effect resulted in plaintiff receiving a different plan than that for which it contracted. Thus, plaintiff does not argue, as did the plaintiff in Consolidated Beef, that aspects of the Plan were affected by inappropriate management of its terms, but argues that defendant failed to provide the plan promised plaintiff. As the issues in the two cases are distinct, the rationale for preemption under Consolidated Beef does not apply to the present case.

Courts should use "common sense" when determining whether a state law claim relates to an employee benefit plan. See Pilot Life, 481 U.S. at 47–48, 107 S.Ct. at 1552–53. "What triggers ERISA preemption is not just any indirect effect on administrative procedures but rather an effect on the primary administrative functions of benefit plans, such as determining an employee's eligibility for a benefit and the amount of that benefit." Aetna Life, 869 F.2d at 146–47. The present matter involves no issues of distribution, receipt, denial, or billing of benefits. Rather, it involves a contract for a service. The fact that the service is a plan is insufficient to bring it under ERISA.

Applying the three Firestone factors to this case, preemption is inappropriate. First, the parties agree that the first factor weighs against ERISA preemption, as state claims arising under contract law are traditionally resolved by state courts. Second, Jefferson–Pilot sold the Plan to Hollingsworth Paving, and agreed to perform ministerial functions under the Plan. In soliciting waivers, defendant did not advise employees to enroll in a certain policy under the Plan, or otherwise recommend a certain benefit distribution. As such, it is distinguishable from Reich v. Lancaster, 55 F.3d 1034 (5th Cir.1995), involving recommendations by defendant insurance agent for certain policies or other investment decisions under the plan. Although defendant's solicitation of waivers may have been inappropriate, thereby constituting a breach of contract, the solicitation does not transform its status to one of fiduciary. Thus, Jefferson–Pilot is not a principal ERISA entity. Third, resolution of the contract claim will impact necessary contributions from employees, but it will not impact the nature of benefits distributed, or the process and terms of their distribution.

For the reasons stated above, the Court finds that plaintiff's contract law claim is not preempted under ERISA. Defendant's Motion to Dismiss is, therefore, GRANTED, and this cause is hereby DISMISSED without prejudice to plaintiffs' rights to pursue their state law claims.

SO ORDERED.