**Ori O. KELLMAN, Plaintiff,**

v.

**YALE–NEW HAVEN HOSPITAL, Defendant.**

**No. 3:98CV01101 (WWE).**

United States District Court, D. Connecticut.

Aug. 11, 1999.

Laura Lee A. Dorflinger, Amy E. Johnson, Law Office of Martyn Philpot, New Haven, CT, for plaintiff.

Margaret P. Mason, Robert C. Hinton, Tyler, Cooper & Alcorn, New Haven, CT, for defendant.

### RULING ON DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

EGINTON, Senior District Judge.

### INTRODUCTION

Plaintiff Ori Kellman ("Kellman") brings this complaint against defendant Yale–New Haven Hospital (the "Hospital"). Although the original, amended and second amended complaint contained seven counts, under federal and state law, the third amended complaint brings three causes of action: one for discrimination on the basis of race, pursuant to 42 U.S.C. Section 1981; the second for the intentional infliction of emotional distress; and the

third for negligent infliction of emotional distress.[1]

Defendant moves, pursuant to Fed. R.Civ.P. 12(b)(6), to dismiss the counts sounding in negligent and intentional infliction of emotional distress.

## STATEMENT OF FACTS

The Court sets forth only those facts believed necessary to an understanding of the issues raised in, and decision rendered on, this Motion.

On or about February 5, 1997, plaintiff was involved in a physical confrontation with the mother of his son, Sheila Erving, who is also an employee of the Hospital. As a result of this confrontation, plaintiff had criminal charges filed against him. Following this physical confrontation the Hospital terminated his employment.

The gravamen of the present claims is that the Hospital should have subjected him to less severe "progressive discipline", rather than terminating him outright. He asserts that this termination has caused him emotional distress, the foundation of counts two and three.

## LEGAL ANALYSIS

### I.  The Standard of Review

The function of a motion to dismiss is to test the legal sufficiency of a complaint, not to assay the weight of evidence which might be offered in support thereof. All claims are to be read in the light most favorable to plaintiff. A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6) seeks dismissal of a claim upon ·which relief may not be granted. *Fischman v. Blue Cross Blue Shield*, 755 F.Supp. 528, 531 (D.Conn.1990).

### II.  The Standard As Applied

■ Defendant asserts that plaintiff's claims of intentional and negligent emotional distress are preempted by Section 301 of the Labor–Management Relations Act ("LMRA"). The Supreme Court has held that the need uniformity in Section 301 and its application is so great that Section 301 preempts any state law cause of action that "requires the interpretation of a collective bargaining agreement." *Lingle v. Norge Div. Of Magic Chef, Inc.*, 486 U.S. 399, 403, 413, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). "When resolution of a state-law claim is substantially dependent upon analysis of the terms of the agreement made between the parties in a labor contract, the claim must be treated as a § 301 claim or be dismissed as preempted by federal labor-contract law." *Allis–Chambers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985) (citation omitted).

Several Connecticut courts have dismissed claims of negligent or emotional distress, finding them to be preempted by Section 301. "It is clear that plaintiff's claim of intentional infliction of emotional distress will require analysis of the CBA. It .would be impossible to determine whether or not defendant's conduct was extreme and outrageous without interpreting whether defendant's actions were in compliance with the CBA. *Knight v. Southern New England Telephone Corp.*, 1998 WL 696014 (D.Conn.1998)(dismissing claim); *Dittman v. General Motors Corporation–Delco Chassis Div.*, 941 F.Supp. 284, 288–89 (D.Conn.1996)(preemption found due to need to examine collective-bargaining agreement).

■ In the present case, the Court finds that the emotional distress claims would necessitate an examination of the CBA and are, therefore, preempted by Section 301.

---

**1.** Permission to file the third amended complaint was granted on July 21, 1999. The third amended complaint was filed that date. Inasmuch as the arguments contained in defendant's moving papers as to Counts Two and Three would be identical if filed against a third amended complaint, the Court will consider them at this time and the Ruling of the Court will be binding as to the third amended complaint.

As an element of his claim of intentional infliction of emotional distress, Kellman must prove that the Hospital's actions in terminating him following a physical altercation with his co-worker was extreme and outrageous conduct. Only an examination of the CBA could illuminate whether the Hospital's conduct was within the bounds of the CBA.

Similarly, to prevail on a count of negligent infliction of emotional distress in the termination process, one would need to consult the CBA in order to determine that the process by which plaintiff was terminated was unreasonable conduct on the part of the Hospital. Again, the CBA would need to be consulted to determine if the claim was viable.

### CONCLUSION

Even with the liberal standards of review applicable to a Fed.R.Civ. P. 12(b)(6) motion to dismiss, the Court finds that both claims for the intentional infliction and negligent infliction of emotional distress are prompted by Section 301 of the LMRA. The Motion to Dismiss [Doc. No. 22] is GRANTED.

SO ORDERED