11 F.3d 129
 17 Employee Benefits Cas. 2239
 Janelle Susan SPAIN, an individual, and Jenna Margaret
Spain, a minor, by and through her Guardian ad
Litem, Janelle Spain, Plaintiffs-Appellants,
v.
AETNA LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 93-55303.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 7, 1993.
Decided Dec. 6, 1993.
 
 Sharon J. Arkin, Shernoff, Bidart & Darras, Claremont, CA, for plaintiffs-appellants.
 Bless Stritar Young, Fulbright & Jaworski, Los Angeles, CA, for defendant-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before: FLETCHER, and D.W. NELSON, Circuit Judges; WILL*, District Judge.
 PER CURIAM:
 
 OVERVIEW
 
 1
 A mother and daughter appeal the district court's dismissal of their wrongful death suit against Aetna Life Insurance Company ("Aetna"), the administrator of their husband's/father's employee benefit plan. They contend the district court erred by deciding that a state common law wrongful death action is preempted by the Employee Retirement Income Security Act ("ERISA") Sec. 514(a), 29 U.S.C. Sec. 1144(a). We do not agree and affirm the judgment.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 2
 This suit is brought by Janelle and Margaret Spain (the "Spains"), Steven Spain's wife and daughter, respectively. Steven Spain was a plan participant and beneficiary in a self-funded employee benefit plan within the meaning of ERISA. See 29 U.S.C. Sec. 1002(1) (1988). His plan was administered by Aetna.
 
 
 3
 Steven Spain was diagnosed as having testicular cancer. His doctors decided that an autologous bone marrow transplant ("ABMT") was necessary to attempt to save his life. Aetna pre-approved the first two parts of this three-part procedure. Initially, Aetna also authorized the last part of the procedure. However, Aetna later withdrew its authorization on the grounds that Steven Spain's diagnosed condition did not make him eligible for this procedure. Because Spain could not afford the final part of the procedure on his own, he brought suit against his employee benefit plan and its administrator, Aetna, to compel authorization of treatment. Two days after notification of the suit, the plan and Aetna authorized the last part of the procedure.
 
 
 4
 Appellants contend that "ABMT procedures can be performed successfully only during a very narrow window of time and by the time Aetna acknowledged its error and approved the procedure, Steven's window had closed." Thus, although the procedure was eventually completed, Appellants argue that Steven Spain's death was negligently caused by Aetna's initial denial in authorizing the procedure. At trial, the district court dismissed the case on the grounds that ERISA preempts Appellants' state law claim for wrongful death. This court has jurisdiction under 28 U.S.C. Sec. 1291.
 
 ANALYSIS
 
 5
 "The interpretation of ERISA, a federal statute, is a question of law subject to de novo review." Long v. Flying Tiger Line, Inc., 994 F.2d 692, 694 (9th Cir.1993). Specifically, "ERISA preemption is a conclusion of law reviewed de novo." Greany v. Western Farm Bureau Life Ins. Co., 973 F.2d 812, 816 (9th Cir.1992) (quoting Olson v. General Dynamics Corp., 951 F.2d 1123, 1125 (9th Cir.1991) (citations omitted)).
 
 
 6
 The sole issue on review is whether ERISA preempts the state common law wrongful death action. ERISA's preemption clause is "deliberately expansive," Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46, 107 S.Ct. 1549, 1551-52, 95 L.Ed.2d 39 (1987), and " 'contains one of the broadest preemption clauses ever enacted by Congress.' " Greany, 973 F.2d at 817 (citations omitted). The preemption clause states that the provisions provided by ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. Sec. 1144(a). Interpreting ERISA's preemption clause, the Supreme Court has instructed that "relates to" is to be "given its broad common-sense meaning." Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985). Therefore, a state cause of action relates to an ERISA benefit plan if operation of the law impinges on the functioning of an ERISA plan. Id.
 
 
 7
 Appellants assert that Aetna's improper withdrawal of authorization for Steven Spain's ABMT procedure caused Steven Spain's death. Although Appellants do not seek benefits under the plan, their state common law cause of action seeks damages for the negligent administration of benefit claims. This circuit, following the lead of the Supreme Court in Pilot Life Ins. Co. v. Dedeaux, has held that "state common law causes of action arising from the improper processing of a claim are preempted by federal law." Kanne v. Connecticut General Life Ins. Co., 867 F.2d 489, 493 (9th Cir.1988), cert. denied, 492 U.S. 906, 109 S.Ct. 3216, 106 L.Ed.2d 566 (1989). Hence, ERISA preempts Appellants' wrongful death action because the state law in its application directly "relates to" the administration and disbursement of ERISA plan benefits. Both the Fifth Circuit and Tenth Circuit, the only two circuits that have confronted the issue of whether ERISA preempts a state wrongful death action, have reached the same conclusion. See Settles v. Golden Rule Ins. Co., 927 F.2d 505, 510 (10th Cir.1991) ("Because the facts asserted in support of plaintiff's state law claims, including her wrongful death claim, directly relate to an employee benefit plan covered by ERISA, plaintiff's state law claims are preempted by Sec. 514(a) [29 U.S.C. Sec. 1441(a) ] of ERISA."); Corcoran v. United Healthcare, Inc., 965 F.2d 1321, 1332 (5th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992) ("The principle ... that ERISA pre-empts state-law claims alleging improper handling of benefit claims is broad enough to cover the [wrongful death] action asserted here.").
 
 
 8
 Further, a state wrongful death action is not "saved" by the sole exception to ERISA's preemption rule. Although the ERISA preemption clause is broad, Congress created an exception for "any law of any State which regulates insurance, banking, or securities." 29 U.S.C. Sec. 1144(b)(2)(A). Under this exception, a law must not just have an impact on an insurance company, "but must be specifically directed toward that industry." Pilot, 481 U.S. at 50, 107 S.Ct. at 1554. The cause of action for wrongful death at issue in this appeal is a general tort and clearly was not specifically tailored by the state to regulate insurance, banking, or securities.
 
 
 9
 Congress carefully constructed the civil enforcement provisions allowed under ERISA. Id. at 54, 107 S.Ct. at 1556, 29 U.S.C. Sec. 1132(a). As the Court instructed, "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." Pilot, 481 U.S. at 54, 107 S.Ct. at 1556. As the Fifth Circuit stated:
 
 
 10
 While we are not unmindful of the fact that our interpretation of the pre-emption clause leaves a gap in remedies within a statute intended to protect participants in employee benefit plans, see Shaw [v. Delta Air Lines, 463 U.S. 85, 90, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983) ]; Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 113, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the lack of an ERISA remedy does not affect a pre-emption analysis.
 
 
 11
 Corcoran, 965 F.2d at 1333.
 
 CONCLUSION
 
 12
 Because ERISA preempts the state common law wrongful death action and is not "saved" under the exception to ERISA's broad preemption, we affirm the judgment.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Hubert L. Will, Senior United States District Judge for the Northern District of Illinois, sitting by designation