45 F.3d 435
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Billie J. COMER, Plaintiff-Appellant,
v.
KAISER FOUNDATION HEALTH PLAN, INC., Permanente Medical
Group, Inc.; Kaiser Foundation Hospitals, Inc.,
Defendants-Appellees.
 No. 93-16054.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 14, 1994.*
Decided Dec. 23, 1994.
 
 Before: BOOCHEVER, NORRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This action arises from the death of Ryan Comer after defendants Kaiser Foundation Health Plan, et al. ("Kaiser") denied him benefits coverage for a cancer treatment. Ryan's mother, Billie Comer, brought a suit against Kaiser for wrongful death in state court. Kaiser removed the case, and the district court granted summary judgment for Kaiser on the grounds that the action was preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Secs. 1001 et seq. Comer appeals. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Ryan Comer had health and major medical coverage as a dependent of his mother, plaintiff Billie Comer, who was an employee of AT & T and a member of AT & T's group medical plan. AT & T and Kaiser entered into the Group Medical and Hospital Service Agreement, which provided that Kaiser would render physician and other medical services to AT & T group medical plan members, including Billie Comer and her son, Ryan.
 
 
 4
 Ryan was diagnosed with a rare form of pediatric cancer. His mother requested that Kaiser administer a particular treatment for that cancer, high dose chemotherapy with an autologous bone marrow transplant. Kaiser denied coverage for the treatment on the grounds that it was "experimental" and, as such, was not covered under the terms of the Group Medical and Hospital Service Agreement which explicitly excluded coverage for experimental treatments. Subsequently, Ryan died.
 
 
 5
 Comer brought this wrongful death suit against Kaiser, alleging that Kaiser's denial of benefits coverage for the cancer treatment proximately caused her son's death. This appeal raises the question of whether ERISA preempts a wrongful death suit against a Health Maintenance Organization for its refusal to approve benefits pursuant to a service agreement arranged with an employer.
 
 
 6
 ERISA broadly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. Sec. 1144(a). In general, state law tort actions relating to the administration of claims under ERISA are preempted. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52 (1987). Comer argues, however, that the action does not arise under ERISA and is not preempted by its requirements. Comer argues that she is not bringing this action as a plan participant or beneficiary, and does not claim plan benefits. She points out that AT & T is not a defendant, and argues that the action, therefore, does not implicate the ERISA plan established by AT & T.
 
 
 7
 We disagree. Comer did not sue Kaiser for medical malpractice. Rather, Comer sued Kaiser precisely because Kaiser determined that her son was not entitled to coverage for the cancer treatment under the Group Medical and Hospital Service Agreement. This service agreement is an integral part of AT & T's group medical plan. As such, an action challenging a decision pursuant to that agreement "relate[s] to an[ ] employee benefit plan" and is preempted. 29 U.S.C. Sec. 1144(a).
 
 
 8
 We hold that Spain v. Aetna Life Ins. Co., 11 F.3d 129 (9th Cir.1993), cert. denied, 114 S.Ct. 1612 (1994), is controlling authority in this case.[1] In Spain, we held that a state cause of action for wrongful death seeking damages for a plan administrator's alleged improper withdrawal of coverage for a cancer treatment was preempted by ERISA. 11 F.3d at 131-32. This similar action for wrongful death seeking damages for a Health Maintenance Organization's refusal to approve coverage pursuant to a service agreement is therefore preempted as well. That ERISA does not ordinarily authorize suits for compensatory or punitive damages, Mertens v. Hewitt Assocs., 113 S.Ct. 2063, 2068 (1993), does not affect our preemption analysis. Spain, 11 F.3d at 132.
 
 
 9
 Comer alternately argues that remedies for wrongful death damages must be engrafted onto ERISA in "a body of ERISA common law" in order to effectuate congressional intent. Bl.Br. at 18. We have declined to create federal common law causes of action which are inconsistent with the exclusive remedies established by ERISA. See, e.g., Kim v. Fujikawa, 871 F.2d 1427, 1432 (9th Cir.1989) (refusing to engraft a cause of action for contribution onto ERISA). While federal common law can be created to fill a void which Congress forgot to address, e.g., Kunin v. Benefit Trust Life Ins. Co., 910 F.2d 534, 539 (9th Cir.), cert. denied, 498 U.S. 1013 (1990), no such void exists with respect to relief under ERISA. ERISA authorizes suits by beneficiaries against fiduciaries for "appropriate equitable relief" only, 29 U.S.C. Sec. 1132(a)(3)(B), and we decline to read alternate remedies into this explicit provision.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Comer's attempt to distinguish Spain v. Aetna Life Ins. Co., 11 F.3d 129 (9th Cir.1993), cert. denied, 114 S.Ct. 1612 (1994), is unavailing. Supp.Letter Br. at 1-2. Comer's real argument is with Spain, see id., which this panel is not at liberty to overrule