Shannon SCHMID, Plaintiff,

v.

**KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST, dba Kaiser Permanente, Allan J. Weiland, M.D., and John Krump, D.D.S., Defendants.**

**Civil No. 96–1649–MA.**

United States District Court,
D. Oregon.

Feb. 21, 1997.

John E. Uffelman, Adams, Debast, Helzer, McFarland, Richardson & Uffelman, Beaverton, OR, for Plaintiff.

Gary E. Rhoades, G. Kenneth Shiroishi, Dunn, Carney, Allen, Higgins & Tongue, Portland, OR, for Defendants Kaiser and Weiland.

## OPINION AND ORDER

MARSH, District Judge.

Plaintiff filed this action against defendants for breach of contract and negligence in the Circuit Court for the State of Oregon in Multnomah County. Defendant removed the complaint to federal court based on federal question jurisdiction under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001—1461. Currently before the court is plaintiff's motion to remand to state court.

Plaintiff was a participant in a health care plan ("the Plan") sponsored by her husband's employer. Plaintiff suffered two conditions for which she sought medical treatment from a physician and a dentist at Kaiser Permanente; plaintiff names Kaiser Permanente, as well as the individual physician and a dentist as defendants. Plaintiff contends that defendant breached its contract in failing to provide, or providing sub-standard medical treatment. Specifically, plaintiff contends that defendant breached its contractual obligation of good faith and fair dealing in failing to properly diagnose and treat plaintiff's conditions, failing to provide certain tests and treatments, failing to properly perform the services which were provided, and in placing the financial interest of defendant Kaiser ahead of plaintiff's health and physical well being in determining whether to preauthorize, provide and agree to pay benefits for an open TMJ reduction and articular disk repair. Plaintiff alleges that these same acts and omissions constitute negligence, which she asserts against the individual doctor and dentist and against Kaiser Permanente on a vicarious liability theory.

Defendants removed the action to federal court on the grounds that plaintiffs claims are governed by ERISA, and thus federal question jurisdiction exists. Currently before the court is plaintiffs motion to remand this complaint to state court.

A state law claim may be preempted by ERISA in two ways. A claim "to recover benefits due ... under the terms of the plan, to enforce ... rights under terms of the plan, or to clarify ... rights to future benefits under the terms of the plan," falls under ERISA's complete preemption provision, 29 U.S.C. § 1132(a)(1)(B) (referred to as (Section 502(a))). Alternatively, ERISA supercedes those state laws which "relate to" an ERISA plan. 29 U.S.C. § 1144 (Section 514). A state law "relates to" an ERISA plan when the state law "has a connection with or reference to such a plan." *Shaw v. Delta Air Lines. Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987) (state law or claim "relates to" benefit

plan if it has connection with or reference to such plan, given a broad common sense meaning). The Supreme Court has directed courts to apply ERISA's preemption clause expansively. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 137–39, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990); *see also Gibson v. Prudential Ins. Co.*, 915 F.2d 414, 417 (9th Cir.1990)(ERISA's preemption provision deliberately expansive and conspicuous for its breadth).

While ERISA's preemption provision is broadly interpreted, not all state law claims are preempted. *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 838, 108 S.Ct. 2182, 2190, 100 L.Ed.2d 836 (1988)(state law attachment of ERISA welfare plan benefits not preempted). Where a state action affects a benefit plan in a tenuous, remote, or peripheral manner, the law does not "relate to" the plan. *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. at 2901 n. 21.

The Ninth Circuit has not squarely addressed the issue of whether a medical malpractice claim is preempted by ERISA. Other circuits addressing the issue have come to differing conclusions. *See Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 357 (3d Cir.), *cert. denied,* ——— U.S. ———, 116 S.Ct. 564, 133 L.Ed.2d 489 (1995) (medical malpractice claim for quality of benefit not preempted by ERISA); *Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321, 1331 (5th Cir.), *cert. denied,* 506 U.S. 1033, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992) (medical determinations made by an HMO preempted by ERISA because made in the context of benefits determination under the plan); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1493 (7th Cir.1996) (ERISA preemption where plaintiff asserted negligent failure to treat under plan benefits); *Rice v. Panchal*, 65 F.3d 637 (7th Cir.1995) (no preemption where plaintiff's respondeat superior claim against Prudential rested upon interpretation of state agency principles rather than upon terms of ERISA plan); *Pacificare of Oklahoma, Inc. v. Burrage*, 59 F.3d 151, 154 (10th Cir.1995) (medical malpractice claim not preempted by ERISA when issue of the doctor's negligence required assessment of pro-

viding *admittedly covered treatment* or giving professional advice).

■ Despite the seeming dissonance between the circuits, the courts generally engage in an inquiry to determine whether a plaintiff's claim rests upon the terms of the plan or requires construction of the plan language; if so, the claim is preempted by ERISA. *Rice*, 65 F.3d at 644–45. Claims challenging the quality of a benefit, as in *Dukes*, are not preempted by ERISA. *See Pacificare of Oklahoma, Inc. v. Burrage*, 59 F.3d 151, 154 (10th Cir.1995) (medical malpractice claim not preempted by ERISA when issue of the doctor's negligence required assessment of providing *admittedly covered treatment* or giving professional advice). Claims based upon a failure to treat where the failure was the result of a determination that the requested treatment wasn't covered by the plan, however, are preempted by ERISA. *Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321, 1331 (5th Cir.), *cert. denied,* 506 U.S. 1033, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992) (medical determinations made by an HMO preempted by ERISA because made in the context of benefits determination under the plan).

The Ninth Circuit has found wrongful death claims to be preempted by ERISA. *See Spain v. Aetna Life Ins. Co.*, 11 F.3d 129 (9th Cir.1993) (ERISA preempts wrongful death action because state law relates to the administration and disbursement of ERISA plan benefits); *see also Comer v. Kaiser Foundation Health Plan, Inc.*, unpublished 1994 WL 718871, (9th Cir.1994) (wrongful death claim preempted by ERISA because action based on defendant's determination that decedent not entitled to coverage under terms of the plan). The Ninth Circuit has also held that common law negligence claims may be preempted by ERISA where the claimed duty cannot be separated from duties created by the plan itself. *Greany v. Western Farm Bureau Life Ins. Co*, 973 F.2d 812, 817–19 (9th Cir.1992).

In addition, the District Court for the Northern District of California recently adopted the *Dukes* court's reasoning, finding that the essential inquiry in determining whether ERISA preempted a medical mal-

practice claim was "to determine whether the alleged negligent medical advice was inextricable from its actions coordinating benefits and services under the plan." *Roessert v. Health Net,* 929 F.Supp. 343 (N.D.Cal.1996). Judge Patel found that "nothing in [the defendant's] duty to administer benefits to plaintiff required it to make medical judgments[,]" nor did plaintiff's claims require reference to an ERISA plan to resolve them. Accordingly, Judge Patel found that the case was not preempted by ERISA. Judge Patel distinguished the facts in her case from those in *Corcoran,* noting that the defendant in *Corcoran* made medical decisions as part and parcel of its mandate to determine what benefits were available under the plan.

Plaintiff claims defendant breached its benefits contract by failing to perform certain diagnostic tests, providing some kinds of treatment rather than others, failing to authorize visits to a different physician, and failing to heed the opinion of her outside specialist. Her claim also alleges that defendant placed "the financial interest of Kaiser ahead of plaintiff's interest in her health and physical well-being in determining whether to pre-authorize, provide and agree to pay benefits for certain procedures." Plaintiff negligence claim is based upon these same allegations.

■ As a preliminary matter, plaintiff's claim for breach of contract of necessity requires reference to an interpretation of the terms of the plan. In addition, plaintiff seeks damages for additional medical care and treatment, which is essentially a claim for benefits allegedly due under the plan, and/or to enforce her rights under the plan. As such,.plaintiff's breach of contract claim is "related to" an ERISA plan, and also falls under ERISA's complete preemption provision. Accordingly, plaintiff's claim for breach of contract is preempted by ERISA and properly within the jurisdiction of this court.

■ The more difficult question is whether plaintiff's claim for negligence is preempted by ERISA. I find the following factors to be significant in determining whether plaintiff's negligence claim is inextricably intertwined with defendant's benefits determinations and thus preempted. First, the language of plaintiff's claim alleges that she is challenging defendant's denial of her requests for certain kinds of treatment and visits to a specialist, which are both medical decisions and benefits determinations under the plan. Second, the facts alleged in plaintiff's complaint (in both her negligence claim and her claim for breach of contract) indicate that defendant's duty to administer plaintiff's benefits plan also required defendant to make medical determinations and judgments as to necessary and appropriate treatment. Third, plaintiff seeks damages which include relief for medical care and treatment, which is also a claim for benefits allegedly due under the terms of the plan and to enforce her rights under the plan. Fourth, the very same acts which plaintiff claims are negligent form the basis for her breach of contract claim, which is preempted by ERISA. Fifth, plaintiff's claims for failure to provide certain treatments more closely resemble the facts in *Corcoran* than those of *Dukes.*

■ I find that these circumstances, when viewed as a whole, indicate that plaintiff's claim for negligence will require an interpretation of the terms of the ERISA plan. Under the factual circumstances of this particular and unique case, I find plaintiff's negligence claim is preempted by ERISA and properly within the jurisdiction of this court.[1] Accordingly, plaintiff's motion to remand (# 5–1) is DENIED.

IT IS SO ORDERED.

---

1. In so holding, however, I note that the determination of whether or not a particular claim is preempted by ERISA must be made on a case-by-case basis.