**Val ZAVALA, Personal Representative of the Estate of Jack Murrison, deceased, Plaintiff–Appellant,**

v.

**TRANS–SYSTEM, INC., an Indiana corporation; and Trusteed Plans Service Corporation, a Washington corporation, Defendants–Appellees.**

No. 06–35380.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2007.*

Filed Dec. 7, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

**156**

Richard E. Slezak, Salem, OR, for Plaintiff–Appellant.

R. Daniel Lindahl, Esq., Bullivant Houser Bailey, PC, Portland, OR G. Perrin Walker, Esq., Vandeberg & Johnson, Tacoma, WA, Randall P. Sutton, Esq., Saalfeld Griggs PC, Salem, OR, for Defendants–Appellees.

Before: O'SCANNLAIN, GRABER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Plaintiff Val Zavala, Personal Representative of the Estate of Jack Murrison, sued Defendants Trans–System, Inc. (the "Plan Sponsor"), and Trusteed Plans Service Corporation (the "Plan Administrator"), alleging state-law tort claims and claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. Plaintiff timely appeals from the district court's dismissal of her claims. On de novo review, *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir.2005); *Aloha Airlines, Inc. v. Ahue*, 12 F.3d 1498, 1500 (9th Cir.1993), we affirm.

1. ERISA § 514(a), 29 U.S.C. § 1144(a), preempts a state-law claim if it "relates to" an employee benefit plan. "In determining whether a state law relates to ERISA, a court must evaluate whether the state law 'has a connection with or refer-

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

ence to' employee benefit plans." *Bast v. Prudential Ins. Co. of Am.,* 150 F.3d 1003, 1007 (9th Cir.1998) (quoting *District of Columbia v. Greater Wash. Bd. of Trade,* 506 U.S. 125, 129, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992)). When making such a determination, "the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival. If so, a sufficient 'reference' exists to support preemption." *Providence Health Plan v. McDowell,* 385 F.3d 1168, 1172 (9th Cir.2004).

All of Plaintiff's state-law claims rest on the failure to grant benefits under the ERISA plan. *See, e.g., Bast,* 150 F.3d at 1007–08 (holding that preemption barred breach of contract, loss of consortium, loss of income, emotional distress, breach of the duty of good faith and fair dealing, and other state-law claims against plan administrator where administrator first denied, then approved procedure); *Spain v. Aetna Life Ins. Co.,* 11 F.3d 129, 131–32 (9th Cir.1993) (per curiam) (holding that preemption barred wrongful death claim based on allegations of negligent administration of benefit claim by plan administrator where administrator first approved, then denied, a procedure). That the Plan Administrator referenced a transaction with its reinsurer as the reason for not authorizing the procedure does not alter the fact that Plaintiff's claims are founded on a denial of benefits pending receipt of further information. Similarly, Plaintiff's arguments that the Plan Administrator was not a fiduciary and therefore its claims should survive preemption are unavailing. *See Cleghorn,* 408 F.3d at 1226 (looking through the plaintiff's "[a]rtful pleading" and finding that "[t]he only factual basis for [the] relief pleaded ... is the refusal of [the plan administrator] to reimburse him"). Accordingly, Plaintiff's state-law claims are preempted by ERISA.

■ 2. In the Amended Complaint, Plaintiff asserts an ERISA claim against the Plan Sponsor for "back pay, front pay, lost employee benefits, attorney fees and costs, punitive damages, and any other equitable relief that the law may allow." Plaintiff's briefing suggests that these claims are made under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which allows a civil action by a plan participant or beneficiary to recover benefits due, enforce rights under the plan or clarify future rights, and section 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B), which allows a civil action by a participant, beneficiary or fiduciary to obtain "appropriate equitable relief." But "[e]xtracontractual, compensatory and punitive damages are not available under ERISA." *Bast,* 150 F.3d at 1009 (citing *Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985)). In *Bast,* we held that loss of chance for survival, loss of income, loss of consortium, and emotional distress were not recoverable under ERISA. *Id.* We also held that a claim for restitution under facts similar to those at hand was really a claim for money damages and did not constitute "appropriate equitable relief." *Id.* at 1010 (concluding that recovery for the cost of the procedure, which the plaintiff did not undergo because of the plaintiff's untimely death, was a legal remedy, not an equitable remedy); *accord Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 213–15, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002) (holding that the plaintiff's ERISA claim for restitution was a legal, not an equitable, claim because the plaintiff was not seeking to restore particular funds or property in the defendant's possession to which the plaintiff had a claim). Notwithstanding Plaintiff's request, we cannot revisit *Bast* in light of *Great–West Life,* because the two decisions are consistent. *See Miller v.*

*Gammie,* 335 F.3d 889, 900 (9th Cir.2003) (en banc) (holding that before a three-judge panel can overturn circuit precedent, "the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable"). All of Plaintiff's claims for equitable relief are merely claims for compensatory damages, and Plaintiff's attempts to rely on *Mathews v. Chevron Corp.,* 362 F.3d 1172 (9th Cir.2004), and *Chuck v. Hewlett Packard Co.,* 455 F.3d 1026 (9th Cir.2006), are ineffectual. Plaintiff does not seek the relief we affirmed in *Mathews,* 362 F.3d at 1186–87 (affirming retirees' grant of retroactive "instatement" in ERISA plan), and in *Chuck,* 455 F.3d at 1038–39, we held that the plaintiff lacked standing to bring claims under section 502(a)(1)(B) and (a)(3)(B). Thus, Plaintiff's ERISA claims are compensatory, legal remedies that are not recoverable under ERISA § 501(a)(1)(B) and (a)(3)(B).

AFFIRMED.