# United States Court of Appeals
## For the First Circuit

No. 24-1862

SCOTT CANNON, individually and as the Personal Representative of
the Estate of Blaise Cannon,

Plaintiff, Appellant,

v.

BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Denise J. Casper, U.S. District Judge]

Before

Aframe, Lynch, and Howard, Circuit Judges.

Louis C. Schneider, with whom Thomas Law Offices, PLLC,
Heather M. Bonnet-Hébert and Feingold Bonnet-Hébert were on brief,
for appellant.
Brooks R. Magratten, with whom Stanley F. Pupecki and Pierce
Atwood LLP were on brief, for appellees.

March 19, 2025

**LYNCH**, **Circuit Judge**. Scott Cannon, individually and as the personal representative of the estate of Blaise Cannon, appeals from the grant of summary judgment on ERISA preemption grounds to defendant Blue Cross and Blue Shield of Massachusetts ("BCBS") on his state law wrongful death/punitive damages claim. See Mass. Gen. Laws ch. 229 § 2. His assertion is that BCBS's denial of insurance coverage for a particular inhaler for Blaise Cannon ("Blaise") prematurely caused Blaise's later death from asthma-related complications. The parties agree that Blaise was a beneficiary of his partner's BCBS health insurance policy through the partner's employer, and that policy was covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. Cannon's primary contention is that Rutledge v. Pharm. Care Mgmt. Ass'n, 592 U.S. 80 (2020), overrules prior law and requires reinstatement of the wrongful death/punitive damages suit (the "claim"). We affirm the district court's holding that as a matter of law ERISA preempts his claim.

Two provisions of ERISA are relevant to Cannon's appeal, each of which provides a basis for preemption. ERISA expressly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). This is often called statutory preemption. See Metro. Life Ins. Co. v. Mass., 471 U.S. 724, 747 (1985). "The term 'State law' includes all laws, decisions, rules, regulations, or other

State action having the effect of law, of any State." <u>Id.</u> § 1144(c)(1). A state cause of action may also be preempted if it conflicts with the remedial scheme established by 29 U.S.C. § 1132(a), which provides that a "civil action may be brought[] by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

## I.

The facts are drawn from the record and discovery as to Blaise's health insurance policy.

Blaise was insured as a covered dependent of his domestic partner's BCBS group health insurance policy. On March 18, 2020, Blaise, through his doctor, sought coverage for a Wixela Inhub inhaler to treat his asthma. On March 25, 2020, BCBS denied coverage, explaining:

> Our Pharmacy Operations Unit considered the material your doctor provided. Coverage of Wixela Inhub was requested for the treatment of asthma (breathing disorder). We could not approve coverage of this medication because there was no documentation of trying one prescription inhaled steroid, inhaled beta-agonist, inhaled mast cell stabilizer, oral albuterol, or theophylline product within the previous 130 days and there was no documentation of trying two of the following: Dulera (Prior Authorization required) and/or Symbicort (Prior Authorization required) and/or fluticasone/salmeterol (generic for

- 3 -

Airduo -- Prior Authorization required) by the patient.

Blaise did not take any appeal from this denial of benefits.

Following Blaise's death, Cannon brought six state law claims against BCBS: declaratory judgment, breach of contract, bad faith, wrongful death, punitive damages, and loss of consortium. BCBS removed the case to federal court and moved to dismiss the action on the basis of ERISA preemption, and the district court allowed Cannon a brief period of limited discovery. On November 7, 2023, the court denied the motion to dismiss "without prejudice to BCBS raising the issue of ERISA preemption in a motion for summary judgment." Cannon v. Blue Cross and Blue Shield of Mass., Inc., No. 23-cv-10950, 2024 WL 3902835, at *1 (D. Mass. Aug. 22, 2024). After Cannon conducted a Rule 30(b)(6) deposition of BCBS, on February 28, 2024, BCBS moved for summary judgment. Conceding ERISA preempted most of his claims, Cannon argued that his wrongful death claim and corresponding punitive damages claim were not preempted and survived.

On August 22, 2024, the district court held that ERISA statutorily preempted the wrongful death claim because "the cause of action 'relate[d] to' th[e] employee benefit plan" covered by ERISA. Id. at *2 (quoting Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44, 49 (1st Cir. 2000)). The claim "related" to Blaise's health insurance policy because the district court "would be

- 4 -

required to consult the Policy to resolve [it] and because [it] arose from the alleged improper denial of benefits." Id. Further, the court held that the claim "is an action for damages related to a breach of plan and is therefore precisely the type of alternative enforcement mechanism disallowed under ERISA [29 U.S.C. § 1132(a)]." Id. at *3.

## II.

We review a grant of a motion for summary judgment de novo, construing the evidence "in the light most congenial to the nonmovant" and affirming the grant if the record "presents no genuine issue as to any material fact and reflects the movant's entitlement to judgment as a matter of law." Mullane v. U.S. Dep't of Just., 113 F.4th 123, 130 (1st Cir. 2024) (quoting McKenney v. Mangino, 873 F.3d 75, 80 (1st Cir. 2017)). Cannon did not respond to BCBS's statement of material facts, so those facts are deemed undisputed. See D. Mass. L.R. 56.1.

Cannon's claim is statutorily preempted under ERISA, 29 U.S.C. § 1144(a). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983). The Supreme Court recently reaffirmed this test in Rutledge, saying that "a state law relates to an ERISA plan," and is preempted, "if it has a connection with or reference to such a plan." 592 U.S. at 86 (quoting Egelhoff v. Egelhoff,

- 5 -

532 U.S. 141, 147 (2001)); see also Guerra-Delago v. Popular, Inc., 774 F.3d 776, 781 (1st Cir. 2014) ("A law is preempted 'even if the law is not specifically designed to affect such plans, or the effect is only indirect.'" (quoting Zipperer v. Raytheon Co., 493 F.3d 50, 53 (1st Cir. 2007))). The Court has explained that ERISA is "primarily concerned with pre-empting laws that require providers to structure benefit plans in particular ways, such as by requiring payment of specific benefits." Rutledge, 592 U.S. at 86-87 (citing Shaw, 463 U.S. at 97-98). A claim is preempted if a state law "governs a central matter of plan administration or interferes with nationally uniform plan administration." Id. (quoting Egelhoff, 532 U.S. at 142).[1] As we explain below, Rutledge reinforces our prior law and does not support Cannon's arguments.

We have repeatedly held that an impermissible connection with ERISA exists when "a court must evaluate or interpret the terms of the ERISA-regulated plan to determine liability under the state law cause of action." Hampers, 202 F.3d at 52; see also Harris v. Harvard Pilgrim Health Care, Inc., 208 F.3d 274, 281 (1st Cir. 2000) (holding that a state law claim is preempted if

---

[1] 29 U.S.C. § 1144 contains a "savings clause," which exempts from preemption "any law of any state which regulates insurance, banking, or securities . . . ." 29 U.S.C. § 1144(b)(2)(B). Cannon does not argue that his claim falls within this provision and instead argues that the Massachusetts wrongful death statute "is not intended to regulate insurance or have any effect on insurance plans." As such, we do not consider whether the savings clause applies to Cannon's claim.

- 6 -

"the trier of fact necessarily would be required to consult the ERISA plan to resolve the plaintiff's claims").  More specifically, our decision in Turner v. Fallon Cmty. Health Plan, Inc., 127 F.3d 196, 197-99 (1st Cir. 1997), held that ERISA statutorily preempts wrongful death claims alleging that a defendant insurer improperly denied a decedent benefits under an ERISA plan, causing death.  There, the plaintiff brought a wrongful death action against an insurer after the insurer denied coverage for a particular cancer treatment for the plaintiff's wife, and the plaintiff's wife later died of cancer.  Id. at 197-98.  We held that ERISA statutorily preempted the claim because it was "a state's attempt to provide state remedies for what is in essence a plan administrator's refusal to pay allegedly promised benefits," and "[i]t would be difficult to think of a state law that 'relates' more closely to an employee benefit plan than one that affords remedies for the breach of obligations under that plan."  Id. at 199.[2]

For reasons similar to those expressed in Turner, our sister circuits have also held that state wrongful death actions based on an insurer's denial of benefits under an ERISA-governed plan are statutorily preempted.  See Tolton v. American Biodyne,

_____

[2] Cannon argues that the language of Clause 2 of the statute at issue has no facial relationship to ERISA and is therefore not preempted.  That argument mischaracterizes the Supreme Court's "connection with or reference to" test and overlooks the fact that Cannon bases his claim under the statute on the allegedly wrongful denial of benefits.

Inc., 48 F.3d 937, 942 (6th Cir. 1995) (holding that wrongful death claim alleging a refusal to authorize certain benefits was preempted under ERISA); Spain v. Aetna Life Ins. Co., 11 F.3d 129, 131 (9th Cir. 1993) (holding that a wrongful death action was preempted as it "'relates to' the administration and disbursement of ERISA plan benefits"); Corcoran v. United HealthCare, Inc., 965 F.2d 1321, 1332 (5th Cir. 1992) (holding that wrongful death claim based on insurer's denial of advance approval for treatment was statutorily preempted under ERISA), abrogated on other grounds by Mertens v. Hewitt Assoc., 508 F.3d 248 (1993).

We reject the argument that the Supreme Court's recent decision in Rutledge changes this analysis such that Cannon's claim survives. As said, Rutledge reinforced the "connection with or reference to" test, and it reaffirmed that "ERISA is . . . primarily concerned with pre-empting laws that require providers to structure benefit plans in particular ways, such as by requiring payment of specific benefits." 592 U.S. at 86-87. Rutledge stated the challenge there was a very different type of challenge, not to a denial of benefits but to a generally applicable statute. See id. at 88. The plaintiffs challenged enforcement against pharmacy benefit managers of an Arkansas statute regulating the price at which pharmacy benefit managers reimburse pharmacies for the cost of prescription drugs. Id. at 83. The Court determined that ERISA did not statutorily preempt

the statute: no impermissible connection existed because the statute was "merely a form of cost regulation," and the only potential connection with an ERISA plan was that "[pharmacy benefit managers] may well pass . . . increased costs on to plans, meaning that ERISA plans may pay more for prescription-drug benefits in Arkansas than in, say, Arizona." Id. at 88. Rutledge is in line with previous cases holding "cost uniformity was almost certainly not an object of pre-emption." Id. (quoting New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 662 (1995)). The effect of the statute was not "so acute that it will effectively dictate plan choices." Id. Nor did the statute "refer to" ERISA, since it "applie[d] to [pharmacy benefit managers] whether or not they manage[d] an ERISA plan" and "ERISA plans [we]re likewise not essential to [the statute's] operation." Id. at 89. The case before us does not challenge enforcement of a statute seeking uniformity of costs regardless of whether any costs are passed on to ERISA or non-ERISA plans.

Cannon's claim is also preempted under 29 U.S.C § 1132(a) of ERISA. "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004). "The policy choices reflected in the inclusion of certain remedies and the exclusion

- 9 -

of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987). Specifically,

> [i]t follows that if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope" of ERISA § 502(a)(1)(B) [29 U.S.C § 1132(a)].

Davila, 542 U.S. at 210 (citing Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987)). "In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions," preemption applies. Id.

As Turner held, the ERISA "relief expressly provided is to secure benefits under the plan rather than damages for a breach of the plan." 127 F.3d at 198. Cannon attempts to evade this outcome by arguing (a) he is not a plan participant or beneficiary either in his individual capacity or as a representative of the decedent's estate and (b) that the plan participant or beneficiary could not have brought the wrongful death claim because it did not arise until after Blaise's death. As to his first argument, in

both capacities in which he sues, his claim is derivative. The Massachusetts Supreme Judicial Court has held that the Massachusetts wrongful death statute permits only the "executor or administrator of the deceased" to bring an action, while others can be beneficiaries of the action in their individual capacities. GGNSC Admin. Servs., LLC v. Schrader, 140 N.E.3d 397, 404 (Mass. 2020). As to both the executor-plaintiff and any other individual beneficiaries, wrongful death actions are derivative from, not independent from, "what would have been the decedent's own cause of action for the injuries causing her death." Id. at 399. The SJC has explained that "the beneficiaries of the death action can sue only if the decedent would still be in a position to sue." Id. at 402 (quoting Ellis v. Ford Motor Co., 628 F. Supp. 849, 858 (D. Mass. 1986)). It has rejected the argument that wrongful death actions represent "a separate legal interest," id. (quoting Ellis, 628 F. Supp. at 858), from the decedent's cause of action such that they "deal[] only with the economic effect the decedent's death had upon specific family members," id. (quoting Victoria A.B. Willis & Judson R. Peverall, The "Vanishing Trial": Arbitrating Wrongful Death, 53 U. Rich. L. Rev. 1339, 1352 (2019)). In that case, the SJC concluded that an arbitration agreement binding the decedent barred the plaintiff's wrongful death claim, even though the plaintiff herself was not a party to the arbitration agreement. Id. at 401.

The SJC reaffirmed Schrader in Fabiano v. Philip Morris USA Inc., 211 N.E.3d 1048 (Mass. 2023), holding that "because the decedents had no right to bring a cause of action for the injuries that caused their deaths at the time that they died . . . the plaintiffs, as personal representatives of the decedents' estates, had no right to bring wrongful death actions based on those injuries." Id. at 1052. In short, Cannon's wrongful death claim is merely derivative of any claim Blaise could have brought for damages based on breach of the policy. Since such a claim brought by Blaise would have been preempted by § 1132(a)(1)(B), Cannon's derivative wrongful death claim is similarly preempted. See Settles v. Golden Rule Ins. Co., 927 F.2d 505, 509-10 (10th Cir. 1991) ("Had [the decedent] survived the wrongful termination of his benefits, any claim that he could have brought based on the wrongful termination of his benefits would have been barred by ERISA . . . because the decedent could not have brought suit under these facts, plaintiff's wrongful death claim is similarly barred.").

We **affirm** the district court's grant of summary judgment to BCBS. Costs are awarded to BCBS.

- 12 -